RICHARD THORNTON WILSON and Others, Appellants, *v.* LEWISTON MILL COMPANY, Respondent.

*Statute of Frauds — insufficient written memoranda — locus contractus — laws of a foreign State — Statute of Frauds of Maine.*

When a person in transmitting a bid for the purchase of personal property acts for the proposed vendor, and for no one else, his letter to such vendor containing the bid is not a sufficient memorandum or note to satisfy the Statute of Frauds.

When a transaction took place in Maine, and a bid for the purchase of personal property was there made to the plaintiffs' agent. and the property in question, if sold, was to be delivered there, the fact that the acceptance of the bid by the plaintiffs was mailed from New York will not make the contract a New York contract; such contract is to be governed by the laws of the State of Maine.

It seems that to satisfy the Statute of Frauds of the State of Maine, there must be a written memorandum containing within itself or by reference to other written evidence, the names of the vendor and vendee, and all the essential terms and conditions of the contract expressed with such reasonable certainty that all its terms may be gathered from the written evidence without any aid from parol testimony.

APPEAL by the plaintiff, Richard Thornton Wilson and others, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the city and county of New York on the 6th day of March, 1893, upon the verdict of a jury directed by the court after a trial at the New York Circuit.

*Treadwell Cleveland*, for the appellants.

*Edward B. Hill*, for the respondent.

VAN BRUNT, P. J. :

This action was brought to recover damages for a breach of an alleged contract for the purchase of cotton. The answer consisted of a general denial, a defense that the contract was void under the

Statute of Frauds of Maine, and also that according to the custom of the cotton trade no contract was ever made.

Upon the trial the defendant offered evidence tending to show that one Hawley, an employee of the plaintiffs, being at Lewiston in the State of Maine, on Saturday, November 1, 1890, called at defendant's place of business and saw the president and treasurer of defendant, and had a conversation with them in reference to the sale of cotton to them, and that they requested Hawley to communicate with his firm and ask for an offer to sell cotton for a little later shipment than customary, the payment to come in February, and that the same day he wrote to his firm requesting them to send an offer to the defendant (which letter was excluded and an exception taken to the ruling); that on Monday, November third, the plaintiffs telegraphed the defendant as follows:

                                                    "*Nov. 3rd,* 1890.
"To Lewiston Mills, Lewiston, Maine:

"We will sell five hundred Middling and five hundred strict Middling January shipment, ten one-half landed, based on January Contracts nine sixty three.

                              "R. T. WILSON & CO."

That Hawley, on that day subsequently to the receipt of the telegram by the defendant, saw the president and secretary of defendant, and after some conversation they authorized him to transmit a bid to the plaintiffs of ten and three-eighths cents, and that the defendant gave him until Wednesday, November fifth, to accept the offer ; that Hawley then wrote to the plaintiffs among other things as follows : " They did, however, too late in the day to telegraph you, make me a bid of 10⅜c. for 500 B-C Mid and 500 B-C strict Mid, terms and conditions same as those mentioned in my letter of Saturday    *    *    * you are to reply to the Lewiston Mills Wednesday morning ;" that on Wednesday morning plaintiffs telegraphed as follows :

"Day Message.                                          *Nov.* 5, 1890.
"To Lewiston Mills, Lewiston, Maine:

"Your offer accepted.   Ten three-eighths five hundred Middling and five hundred Strict Middling, January shipments, delivered Lewiston.

        "(Signed)                    R. T. WILSON & CO."

And also wrote the defendants a letter on the same day as follows :

"NEW YORK, *Nov.* 5, 1890.

"LEWISTON MILLS Co., Lewiston, Maine :

"DEAR SIRS.— We hereby confirm our sale to you of 500 B-C Midd. landed Lewiston, January shipment, Cash on arrival at 10¾ per lb., and 500 B Cotton, St. Middling, January Shipment, Cash on arrival at 10¾ per lb.

"Thanking you for the order,

"Yours truly,

"(Signed)                    R. T. WILSON & CO.

"Per WALKER."

That on the fifth of December the defendants wrote the plaintiff as follows :

"LEWISTON, MAINE, *Dec. 5th,* '90.

"R. T. WILSON & Co., New York :

"We find it will be impossible for us to take the 1,000 bales of cotton mentioned in yours of the 5th ult., as it is impossible to get the funds.  Our payments for the next three months are all we can meet without taking any more burdens.  The hope that the present stringency in the money market would cease soon, seems certain not to be realized.

"Yours truly,

"F. W. PARKER,

"*Treas.*"

And that Hawley and the defendant's officers had some conversation about arranging the matter amicably which resulted in nothing.

The plaintiffs also gave evidence tending to show damage because of failure of defendant to take the cotton.  The defendant offered in evidence the Statute of Frauds of Maine as follows :

"No contract for the sale of goods, wares or merchandise for $30 or more shall be valid unless the purchaser accepts and receives part of the goods, or gives something in earnest to bind the bargain or in part payment thereof, or some note or memorandum thereof is made and signed by the party to be charged thereby or by his agent."  (R. S. chap. 111, § 4.)

Both sides offered in evidence certain authorities of Maine relating to the Statute of Frauds, whereupon the court directed a verdict for

defendant, which was duly excepted to, and from the judgment thereupon entered this appeal is taken.

The only question involved upon this appeal is whether there was a sufficient memorandum in writing to comply with the Statute of Frauds. It seems to us clear that notwithstanding the testimony of Hawley, that the defendant told him to transmit its bid to the plaintiffs, he did not imagine for one moment that in writing any part of the letter of November third, he was acting as the agent of the defendant. It will be seen that he is writing about a bid that he has received as representing the plaintiffs, and not making an offer as the representative of the defendant. Hawley, in his letter, after telling his employers about the difficulty he had had to get any offer out of the defendant, says :

" They did, however,      *     *     *      make me a bid," etc., clearly showing that Hawley, in transmitting this bid, was acting for his employers and for no one else ; and, therefore, Hawley's letter of November third was not a sufficient memorandum or note to satisfy the Statute of Frauds.

It is, however, urged by the plaintiffs, that even if this letter of Hawley was not a sufficient memorandum, the recognition of the contract by the letter of the defendant of December 5, 1890, together with the prior correspondence, did constitute such memorandum. In considering this question, it may perhaps be of some importance to determine whether the *locus contractus* was in Maine or New York. We think that the law of Maine must control, as the *lex loci contractus* almost invariably governs. The transaction in question took place in Maine ; the bid was made to plaintiffs' employee in Maine ; and the cotton was to be delivered in Maine ; and the fact that the acceptance of the plaintiffs was mailed in New York could not make the contract a New York contract.

It seems to be the law of Maine that, in order to satisfy the statute, the memorandum must contain within itself, or by reference to other written evidence, the name of the vendor and vendee, and all the essential terms and conditions of the contract expressed with such reasonable certainty that all its terms may be gathered from the written evidence without any aid from parol testimony. ( *Williams* v. *Robinson*, 73 Maine, 186.) If the telegram of November fifth, and the letter of November fifth, had contained the whole of the

terms and conditions of the contract, then the reference in defendant's letter of ·December fifth to the communication of the plaintiffs' of fifth ult., would have so identified those papers as to have entitled them to be read with the letter of December fifth; and thus the complete contract would have been shown by writing. But it is conceded that neither the telegram nor letter of November fifth contained the whole of defendant's offer, and that they do not contain all the terms and conditions of the alleged contract. In order to ascertain these, we must refer to Hawley's letters of November first and third, and these are in no way referred to in the only communication signed by the defendant, and, therefore, cannot be appealed to, according to the rule laid down in the case cited, to establish the contract.

The case of *Jenness* v. *The Mount Hope Iron Co.* (53 Maine, 20) seems to establish that there was no sufficient memorandum to satisfy the statute.

The judgment appealed from should be affirmed, with costs.

FOLLETT and O'BRIEN, JJ., concurred.

Judgment affirmed, with costs.