*Orphans' Court, Dauphin County, December 17th,* 1855.

IN THE MATTER OF EARGOOD'S ESTATE.

The Orphans' Court will not make a decree compelling the executors of a decedent to make a deed for land contracted to be sold by him in his lifetime, when the terms of the contract are not fully proved.

A receipt for a sum of money, part of the price of a piece of land, is not a sufficient writing to take the case out of the statute of frauds, when it does not set forth the terms of the agreement upon which the land is sold.

BY THE COURT.—The petitioner in the case has commenced a proceeding in the Orphans' Court, under the act of 1834, to compel the administrator of George Fisher, Esq., deceased, to execute a deed for a lot of land in Portsmouth, pursuant to the terms of a parol contract entered into by Eargood and Fisher, in their respective lifetimes. The administrators of Fisher deny all

[In the Matter of Eargood's Estate.]

knowledge of a bargain made by their intestate, and put the other party to the proof. Depositions have been taken, which show that a bargain of some kind was entered into between the parties for the sale of a lot of ground in Portsmouth, probably the one now claimed, as the witnessess all refer to a lot in possession of Eargood at the time. But we are left in total uncertainty as to the amount to be paid, or the time of payment. Two of the witnesses produced by the petitioner fix the price at $100, and the money to be paid *whenever it suited the convenience of the purchaser;* and one of these two fixes the time of that purchase in August, 1846. A third witness, produced by the same party, states that the price to be paid was $150, and fixes the time of sale at the payment of $23.75, when the receipt was given, bearing date July 28th, 1847. This evidence leaves the contract in total uncertainty as to the time of its commencement and the sum to be paid. It would be very difficult to make a decree on such evidence, if there were no other impediments. Sage *v.* McGuire (4 W. & S. 228) is similar in this feature of the case, and shows that so loose a contract cannot be enforced. All the witnesses agree that at the time of the bargain, and for many years before, Eargood was in possession of the lot as tenant of Fisher. This is also shown by the receipts produced. It is settled in cases too numerous to mention, that to take a parol contract for the sale of lands out of the statute of frauds and perjuries, possession must be *delivered and taken* pursuant to the contract; and where the purchaser was in possession *before* and no change occurs, there is no *distinct* and *unequivocal* act of *livery*, such as the law requires; and therefore the bargain is void, no matter how clearly it may be proved, what was the consideration paid, or the improvements made on the premises by the purchaser (Jones *v.* Peterson, 3 S. & R. 545; 5 W. 146; 7 Barr, 16; 2 H. 260; 2 Jones, 15). Payment of the purchase-money, in whole or in part, will not take the case out of the operation of the statute (6 Wh. 153; 9 W. 85; Idem, 41; 1 W. & S. 383).

The terms of the contract must distinctly appear (10 W. 204; 2 Barr, 815; 9 W. 110; 9 W. & S. 49; 4 W. & S. 228). The written receipts, although signed by the alleged vendor alone, are not sufficient, as they must in themselves show clearly the nature of the contract and define its terms. It must so far describe the property, and set forth the price and terms of payment, as to enable a chancellor to make a decree from the face of the writing alone without the aid of parol evidence, otherwise all the mischiefs intended to be guarded against by the statute would be introduced (Parrish *v.* Koons, 1 Parsons, 79, and the cases there cited). Here the receipts, neither severally nor all united, show what lot was sold, where situated, the price to be paid, nor when the payments were to be made. They are of no avail in law or

[In the Matter of the Account of Landis, Guardian of Lain.]

equity.   It has been questioned in several cases whether the contract must not be signed by both parties, but in our opinion it is quite sufficient if executed by the vendor or party to be charged, provided it is clear and definite in its terms.

We are of the opinion that this contract has not been proved in such a way as to justify the court in making a decree that the administrator of George Fisher shall execute a deed; but the petition must be dismissed, and the representatives of Eargood left to their remedy at law, if any they have, for the recovery of damages.

Petition dismissed at the expense of the applicant.