PATRICK O'DONNELL *versus* WILLIAM H. LEEMAN.

No action can be maintained upon a memorandum of an auctioneer of the sale by him of real estate, unless such memorandum within itself or by reference to some other paper shows all the material conditions of the contract.

Hand-bills and newspaper notices signed by the defendant and published by him just before the sale, and exhibited at the time in which the terms of sale are fully stated, cannot be received as evidence in aid or explanation of an imperfect memorandum.

Where no terms of payment are stated in a contract, the money must be paid within a reasonable time, but there is no rule that money payable in a reasonable time, can, at the election of the party paying, be divided so as to make it payable at different times, and in different years.

ON EXCEPTIONS to the rejection of evidence and order of nonsuit by MAY, J., presiding at *Nisi Prius.*

This is an action to recover damages for an alleged breach of a contract, as follows:

" Oct. 9, 1855. This day sold W. H. Leeman house and land on Bartlett street, in Lewiston; was struck down to Patrick O'Donnell for $1200, one third cash down."

HAM BROOKS, Auctioneer.

*C. W. Goddard* and *P. R. Guiney* for plaintiff.

1. The memorandum of the auctioneer is sufficient to satisfy the statute of frauds. Chitty on contracts, p. 305.

2. In the sale of lands at auction the auctioneer is the agent of both parties. Cleaves v. Foss, 4 Maine R., 1; Alna v. Plummer, 4 Maine, 258.

3. His authority need not be in writing. Alna v. Plummer, 4 Maine R., 258.

4. The memorandum of the auctioneer is sufficient. It states the terms of the contract, the parties thereto, and a description of the property sold.

5. If the memorandum is not so full as would be desirable, the plaintiff should have the benefit of a reasonable, fair, and liberal construction. Chitty on contracts, pp. 76, 79, 80, 82, 84.

6. Contracts should be construed so as to give effect to the intent of the parties. Note 1, Cobb v. Fountaine, 3 Randolph, 487; Chitty on contracts, p. 110.

*J. Goodenow* for defendant.

MAY, J.—The declaration in this case alleges a contract in writing, of a sale from the defendant to the plaintiff, of a dwelling house at auction, upon certain specified terms and conditions. According to the contract alleged, the price to be paid was twelve hundred dollars; one third cash down, and the residue in equal payments, in one and two years. The memorandum of sale, as contained in the auctioneer's book, is as follows:

" Oct. 9, 1855. This day sold W. H. Leeman house and land on Bartlett street, in Lewiston; was struck down to Patrick O'Donnell for $1200, one third cash down."

HAM BROOKS, Auctioneer.

That the auctioneer in cases of such sales, whether of real or personal estate, is the agent of both parties; and that a memorandum signed by him at the time of the sale, stating the particulars of the contract, and the parties thereto, is a sufficient signing within the statute of frauds, is well settled. Emerson v. Hulis, 2 Taun., 46; McCoomb v. Wright, 4 John. Ch. R., 666; Chitty on contracts, 305; Cleaves v. Foss, 4 Maine R., 1; Alna v. Plummer, 258.

It is equally well settled that unless there be a memorandum showing, within itself, or by reference to some other paper, all the material conditions of the contract, no action can be maintained upon such contract, either at law or in equity. Sales at auction are now held to fall within the statute; as much so as other sales. Pike v. Balch et. al., 38 Maine R., 302. Merrill v. Classon, 12 Johns. R., 102; Bailey et. al. v. Ogden, 3 John. R., 309; Morton v. Dean, 13 Met. R., 385; and it cannot well be doubted that evasions of this statute, made as it was for the suppression of perjury, ought not to be encouraged.

The memorandum in this case contains no reference to the condition of the payment, except in the words, "1-3 cash down." It does not appear from it when the residue was intended to be paid. It was attempted at the trial to show the terms of payment to be as alleged in the writ, by the introduction of certain handbills and newspaper notices, signed by the defendant, and published by him just before the sale, and which, it is said in argument, were exhibited at the time of the sale, and in which the terms of the sale, it is said, were fully stated. The evidence offered by the plaintiff to connect the handbills and notices with the memorandum, and to explain it, was excluded by the presiding judge.

That such extrinsic evidence was inadmissible the following authorities clearly show: 2 Parsons on contracts, p. 298; Hinde v. Whitehouse, 7 East., 558; the First Baptist Church in Itheca v. Bigelow, 16 Wend., 28; the Inhab. of the First Parish in Freeport v. Bartol, 3 Maine R., 340.

It is said, however, that if such evidence is not admissible,

then the contract, upon its face, as stated in the memorandum, stipulates for the payment of one-third cash down, and the residue in a reasonable time; and that if so, the notes tendered in this case, having been made payable in one and two years, should be deemed a compliance with the terms of the contract in this respect. Considering the nature and value of the estate to be conveyed, and that long credit is often, if not usually given in such sales, perhaps a somewhat extended time of payment might be regarded as reasonable; but we know of no rule by which money that is made payable *in a reasonable time*, can, at the election of the party paying, be divided so as to make it payable at different times, and in different years. A reasonable time is indivisible; and the party to whom the money is payable, under such a contract, cannot be required to take it in separate payments, and at separate times.

The auctioneer's memorandum in this case failing to show any such contract as is alleged, so far as relates to the terms of payment, it becomes unnecessary to decide upon its sufficiency in other respects, or upon the admissibility of the other evidence offered. According to the agreement of the parties, the nonsuit must stand.