## Wiley et al. vs. Mullins.

A bill charging that the defendant, under a contract evidenced by a memorandum in writing, which was lost, obtained the money of the complainants to be invested in land for their benefit, and praying a specific performance of the contract or that their money be refunded, and seeking discovery as to the contents of the lost memorandum, discloses a case for equitable relief.

*Appeal from Monroe Circuit Court in Chancery.*

Hon. Mark W. Alexander, Circuit Judge.

Williams & Martin for appellants.

A discovery of the contents of a lost obligation is a proper basis for equitable relief. 1 *Story's Eq. Jur. Secs.* 83, 88.

Garland & Randolph for appellees.

The bill states no ground for equitable relief, for though it alleges the loss of the written memorandum, it does not aver that it was signed by either party. *Sec.* 1 *Ch.* 74, *Gould's Dig.*

The bill praying for a refunding of the money shows a ground for legal remedy, and equity is not the proper court of resort. 2 *Brown C. C.* 341; 8 *Ves. Jr.* 159; *Sears vs. City of Boston,* 16 *Pick.* 375.

Mr. Justice Fairchild delivered the opinion of the Court.

Wileys, the appellants, were known by Mullins to have money for which they had no immediate use, and he advised them that their money could be laid out in land with great advantage to them. The result of Mullin's persuasions was, that the Wileys

advanced to him two hundred and fifty dol.ars, which advance, and the reason thereof, were stated in a writing signed by Mullins, but which has been lost. The memorandum admitted the receipt of the money, and with it, agreed to procure a good title for the Wileys to three forty acre pieces of land in the south-east quarter of section twenty-five, in township three south, in range four west, in Arkansas county, which was to be done in a reasonable time. On account of the loss of the writing, the Wileys could not exhibit it with their bill, but they state their ability and willingness to make full proof of its contents if allowed so to do.

Although no particular time was specified when the contract was to be completed, the bill alleged that it was well understood that it should be done within a few weeks. The memorandum was given about the 1st of August, 1858. For a considerable time after the contract was made, Mullins evaded the frequent importunities of the Wileys by fair promises, but finally refused to convey the lands, or refund the money advanced.

The lands are believed to have been swamp lands and subject to entry, though the bill alleges that Mullins was to obtain title to the lands, and transfer it to them, the Wileys, as they recollect the contents of the contract.

The bill prays discovery of the contents of the memorandum, of what Mullins has done pursuant to the contract, that he be required to perform his contract by conveying the lands to the Wileys, or that if he cannot do so from not being able to obtain the title, that he refund the money with ten per cent. interest per annum, as by the memorandum he promised in that event to do.

Such was the effect of the bill filed the 29th of January, 1859. At the return term of the subpœna, Mullins demurred to the bill because the facts showed a cause over which chancery had no jurisdiction. We do not think so, think entirely the con-trary. The bill discloses a case that comes fully under that head of relief, that equity alone can afford, by decreeing specific performance. And when the loss of the writing is also

averred, no stronger case can be made for the interference of a court of chancery.

The circuit court of Monroe county sitting in chancery erred in sustaining the demurrer to the bill, and its decree is reversed and the cause is remanded, with instructions to overrule the demurrer to the bill and proceed in the case according to law.