Sandford G. Scarritt et al., Plaintiffs in Error, *v.* St. John's Methodist Episcopal Church, South, Defendant in Error.

### May 6, 1879.

1. To satisfy the Statute of Frauds, a memorandum of a contract for the sale of realty must be such as will enable the court to declare the meaning of the parties and to identify the property without having recourse to oral testimony.

2. Where such a contract is claimed to be contained in several papers, oral testimony is inadmissible to show what papers are referred to; this must appear from the face of the document itself.

Error to St. Louis Circuit Court.

*Affirmed.*

John M. Glover, for plaintiffs in error : A vote of a corporation, entered on their records and signed by the clerk, is a sufficient memorandum. — *Tufts* v. *Mining Co.*, 14 Allen, 407 ; *Johnson* v. *Trinity Church*, 11 Allen, 123 ; *Chase* v. *Lowell*, 7 Gray, 33 ; *Rhodes* v. *Castner*, 12 Allen, 130. Only the signature of the party to be charged is required.— *Flight* v. *Bolland*, 4 Russ. 298 ; *Shirley* v. *Shirley*, 7 Blackf. 452 ; *Claison* v. *Bailey*, 14 Johns. 484 ; *Railroad Co.* v. *Evans*, 6 Gray, 25. The agreement is binding upon the party who signs it. — *Halsa* v. *Halsa*, 8 Mo. 303 ; *Ivory* v. *Murphy*, 26 Mo. 534. Only such a description as will reasonably identify the land is required.— *McCarthy* v. *Ryle*, 4 Coldw. 345 ; *Lewis* v. *Band*, 3 McLean, 56 ; *Shaver* v. *Shoemaker*, Phill. Eq. 327 ; *Hanley* v. *Blackford*, 1 Dana, 1 ; *Phillips* v. *Hawkins*, Phill. Eq. 193 ; *Fenby* v. *Grigsby*, 9 Leigh, 387. If the terms of the contract can be collected from the correspondence of the parties, or from any separate papers referring manifestly to the same subject-matter, it will be a sufficient memorandum, within the seventeenth section of the Statute of Frauds. — Story on Con. 489 ; *Dobell* v. *Hutchinson*, 3 Ad. & E. 355 ; *Smith* v. *Surman*, 9 Barn. & Cress. 261 ; *Gale* v. *Nixon*, 5 Conn. 445 ; *Saunderson* v. *Jackson*, Bos. & Pul. 23 d.

Metcalf & Jones, for defendant in error : Any writing offered to establish a contract must contain all the essential terms of a complete contract, expressed with such a degree of certainty that it may be understood without recourse to parol evidence to show the intention of the parties, or to supply any of the necessary requisites of a valid contract. — Browne on Stat. Fr. (2d ed.) 396, sect. 371 ; *Ivory* v.

*Murphy*, 36 Mo. 534.   To constitute a valid and sufficient
memorandum, it must contain the names of both the con-
tracting parties as vendor and vendee. — Browne on Stat.
Fr. (2d ed.) 396, sect. 372 ; id. 398, sect. 374 ; *Sherburne*
v. *Shaw*, 1 N. H. 157 ; *Nichols* v. *Johnson*, 10 Conn.
198 ; *Osborne* v. *Phelps*, 19 Conn. 73 ; *Bailey* v. *Ogden*, 3
Johns. 399.   It must show the price agreed to be paid for
the property sold, where the contract is one of sale. —
Browne on Stat. Fr. 399, sect. 376 ; *Ide* v. *Stanton*, 15 Vt.
691 ; *Parker* v. *Bodley*, 4 Bibb, 102 ; *Ellis* v. *Deadman*,
4 Bibb, 467 ; *Farewell* v. *Lowther*, 18 Ill. 252.   The
subject-matter must be fully set forth and described, and
where land is purported to be bargained for, it must be so
described that it may be identified. — Browne on Stat. Fr.
406, sect. 385 ; *King's Administrator* v. *Wood*, 7 Mo. 390 ;
*Kay* v. *Curd*, 6 B. Mon. 103 ; *Ferguson* v. *Staver*, 33 Pa.
St. 411 ; *Ives* v. *Armstrong*, 5 R. I. 567 ; *Talman* v.
*Franklin*, 3 Duer, 395.   The contract must be signed by
the party sought to be charged, or by a duly author-
ized agent of the party. — Browne on Stat. Fr. 372, sect.
355 ; id. 385, sect. 365 ; *Claison* v. *Bailey*, 14 Johns. 484 ;
*McCrea* v. *Purmort*, 16 Wend. 460 ; *Frazer* v. *Ford*, 2
Head, 464 ; *Shirley* v. *Shirley*, 7 Blackf. 452.   It must
contain the terms and conditions of the sale. — Browne on
Stat. Fr. 396, sect. 371.   There must have been a delivery
of the writing.— Id. 371, sect. 354.

BAKEWELL, J., delivered the opinion of the court.

This action is for damages for an alleged breach of con-
tract for the sale of real estate.   The defence is the Statute
of Frauds.   Other defences in the answer need not be alluded
to for the purposes of the opinion.   The plaintiffs took a
nonsuit, which the court refused to set aside.   The memo-
randum of the sale upon which the plaintiffs rely is an ex-
tract from the minutes of the quarterly conference of the
defendant.   It was excluded as incompetent.   The entire

deposition of one Boogher was also excluded on the same ground. The plaintiffs then announced that they had no other evidence of any memorandum in writing, but were ready to prove their case in other respects. The defendant conceded all such additional proof, and moved the court to instruct that there could be no recovery on the case as thus made; which was done.

It will be assumed, under the defendant's concession, that the plaintiff could have proved that the defendant, a religious corporation, was managed by a board of trustees called the quarterly conference, which had the fullest power to act for it in the purchase of land; that J. T. Field was the secretary of that board, and his signature is attached to the report of its meetings; and that the trustees had knowledge of and sanctioned the entry made by Field. The entry offered was the following, from the minutes of a meeting of the quarterly conference, signed by Field: "Brother Coleman, chairman of board of trustees, regretted being unable to make a written report. A meeting has been held, at which the debt of the church for building was ascertained to be about $28,000, exclusive of the debt created by purchase of adjoining lot for parsonage, and that Bishop Marvin and Dr. Boyle had been requested to assist in trying to raise funds to liquidate the debt; and he would make a further report to next conference. He expressed hope that the debt would be paid off at an early date."

The statements in the deposition of Boogher, which it is claimed supply any defects in the memorandum, are to the effect that Coleman was president of the board of trustees of the defendant; that the witness saw a letter from Russell Scarritt, the alleged vendor, in whose shoes the plaintiffs stand, the substance of which was that Scarritt desired the board to put the purchase obligation in the shape of a note, so that he could draw his revenue from it, as he wanted to have his estate in a settled condition. The witness further says that he thinks he delivered the answer of the board to

Russell Scarritt. These letters the witness says he regards as a correspondence between Scarritt and an officer of the church, acting officially in a matter pertaining to the purchase of the lot.

Of course, the memorandum of a contract which satisfies the Statute of Frauds is an instrument essentially informal and imperfect; that is what we mean by such an instrument. It must, however, contain such words as will enable the court, without danger of mistake, to declare the meaning of the parties. It must obviate the necessity of going to oral testimony, and relying on treacherous memory as to what the contract itself was. Where a sufficient description is given of the land sold, for instance, oral testimony may be resorted to, to fit the description to the thing; but where an insufficient description is given, or where there is no description, no such testimony is available or admissible. Every agreement required by the statute to be in writing must be certain in itself, or capable of being made so by a reference in the contract itself, or to something else whereby the terms may be ascertained with reasonable precision; and if it is claimed that the contract is contained in several papers, one referring to the other, oral testimony cannot be introduced to ascertain what paper is referred to; this must appear from the face of the document itself.

Now, even if the Scarritt letter and the memorandum of the board of trustees referred one to another, which is not the case, or were properly connected one with the other, which we do not think they were, they do not together furnish a description of any particular property. The land must be so described that it may be identified, without mistake, from the description in the memorandum. The "lot adjoining" is the entire description that we can get from the memorandum, when we have made the most of it. Now, this is no description. Adjoining what? the church building, or the church lot, or the building in which the meeting at which the memorandum was signed was held? If the

meaning is, adjoining the church, then, adjoining the church on which side? Extending how many feet? It is manifest that we go outside of the memorandum for answers to all these questions, and that a description which speaks merely of an adjoining lot is no identification of any particular lot. The land is not so described that it can be known where it lies, and that it can be distinguished from any other land; nor is there any reference to any known or certain description by which the matter may be reduced to certainty. The memorandum seems to be otherwise insufficient. But this is enough. It has been held in Missouri that an agreement in writing to sell "all that piece of property called the Union Hotel property" is not a sufficient memorandum to satisfy the statute, because a resort to oral testimony is necessary to identify the property to be sold. *King v. Wood*, 7 Mo. 390.

The evidence in the case was insufficient to establish the contract set up in the petition, and no error was committed in refusing to set aside the judgment of nonsuit. The judgment is affirmed. All the judges concur.