11  267
111m 151
11  267
55  379

WILLIAM SCHROEDER, Appellant, v. PETER J. TAAFFE ET AL., Respondents.

December 6, 1881.

1. One sued as principal undertaker upon a contract alleged to have been made by him, may plead the statute of frauds.
2. A memorandum which describes the land sold as a "lot on 18th St., 50 ft. + 180, about 300 ft. s. of Hebert St.," is not sufficient to satisfy the statute of frauds.

APPEAL from the St. Louis Circuit Court, ADAMS, J. *Affirmed.*

W. H. CLOPTON, for the appellant, cited: *Briggs* v. *Munchon*, 56 Mo. 467; *Moore* v. *Mountcastle*, 61 Mo. 424.

PETER TAAFFE, for the respondents.

THOMPSON, J., delivered the opinion of the court.

This is an action for damages for a breach of a contract to convey land.  It appears that the defendants sold the land in question to the plaintiff at an advertised auction sale, received of him $25 earnest-money, and gave him the following receipt, which is the only memorandum of the sale: " Received of W. Schroeder twenty-five dollars on $^a/_c$ of lot on 18th, 50 feet $\times$ 180, about 300 feet s. of Hebert St. Taaffe, Emerson & Co., per J. B. Brolaski.  Price paid per foot, $21\frac{50}{100}$."  The defendants pleaded the statute of frauds.  It appears that they sold the lot in question for an undisclosed principal, who refused to make a deed to the plaintiff, because he was not satisfied with the price at which it had been struck off to him.

Two questions arise upon this record : First, whether the

defendants can avail themselves of the statute of frauds; and, second, whether this case is within the statute.

1. There is no doubt of the right of the defendants to plead the statute of frauds. They are sued as principal undertakers upon a contract alleged to have been made and signed by themselves. The plaintiff cannot bring an action against them upon their contract, and insist that they cannot plead the statute of frauds, because it is shown that, in making the contract, they acted for an undisclosed principal who has repudiated the contract on other grounds than those which concern its sufficiency under the statute. If they contracted as agents, they would not be liable for a breach of the contract, for it would then be the contract of their principal, and not their own contract.

There can be no doubt that the memorandum does not answer the requirements of the statute of frauds. It does not describe the land sold by metes and bounds, nor does it name a single corner, line, monument, or point from which a survey could be made. It does not even state on which side of Eighteenth Street it is situated. Nor does it give the terms of the sale, whether for cash, or upon credit, and, if so, at how long a credit and at what rate of interest. A memorandom thus defective cannot be aided by parol evidence. *Scarritt* v. *Church*, 7 Mo. App. 174. The advertisement of the sale in the St. Louis *Republican* cannot be looked to to help it out; for, if the memorandum is insufficient, it cannot be aided by other papers to which it makes no reference, and which are not physically connected with it. *O'Donnell* v. *Leeman*, 43 Me. 158. But if this advertisement could be looked to, it would not help the plaintiff out, for it does not describe the property with sufficient certainty that it could be identified. It refers to a sign-board upon the property; but there is nothing to show, even if this sign-board could be considered a part of the memorandum of the sale, that it contained a sufficient description of the property to identify it.

There was clearly nothing to take the case out of the statute. See *O'Donnell* v. *Leeman, supra; King* v. *Wood*, 7 Mo. 389 ; *Patterson* v. *Underwood*, 29 Ind. 607.

The rulings of the circuit court were in accordance with this view, and the judgment is affirmed. Judge BAKEWELL concurs ; Judge LEWIS is absent.