## BANKS *v.* CHAS. P. HARRIS MANUF'G CO.

*(Circuit Court, D. Vermont. March 20, 1884.)*

STATUTE OF FRAUDS—CONTRACT FOR SALE OF GOODS—MEMORANDUM.

The traveling agent of the defendant company addressed to his principals an order, "Send to C. W. S. Banks; terms, net 30 days; freight allowed," signed by him as agent and followed by a list of the merchandise desired, with prices and directions for shipping, signed by Banks, the plaintiff. *Held,* that the paper was upon its face merely an order, and not a memorandum of sale signed by the defendant or his agent, within the terms of the statute of frauds.

At Law.

*Alduce F. Walker,* for plaintiff.

*Walter C. Dunton* and *Elenzer R. Hard,* for defendant.

WHEELER, J. One Berry, representing the defendant, a manufacturer of chairs, either as salesman or as a solicitor of orders, bargained to the plaintiff, a dealer in chairs at Baltimore, Maryland, two lots of unfinished chairs at an agreed price, to be delivered there, amounting respectively to $4,274 and $2,458, and by manifold writing filled duplicates of blank orders for each, which were substantially alike, and when filled, read: "Messrs. C. P. Harris M'f'g Co., order No. ——. Send to C. W. S. Banks, of 59 South St., Baltimore, Md.; terms, net 30 days; freight allowed. M. D. BERRY, Agent." Then followed a list of goods, with prices, and "to be shipped after two months from date of this order," and the orders were signed at the foot by the plaintiff. One of each he left with the plaintiff, the other he sent to the defendant, and a copy of the written parts he kept himself. The defendant received the orders, refused to send the goods because the prices were so low, and the plaintiff brings this suit for the non-delivery.

A principal question is whether this order is a sufficient memorandum in writing of the bargain to charge the defendant, within the statute of frauds (29 Car. 2, *c.* 3) still in force in Maryland. There is no real question but that these instruments sufficiently set forth the terms of the sale, if they show a sale, nor but that the name of the agent is sufficiently signed to the memorandum, if it is a memorandum of a bargain of sale and he had authority to bind the defendant to a contract of sale. *Drury* v. *Young,* 58 Md. 546. The memorandum must set forth on its face enough to gather a contract of sale from, as against the party to be charged with the consequences of such a contract in the action. *Egerton* v. *Mathews,* 6 East, 307; *Cooper* v. *Smith,* 15 East, 103; *Bailey* v. *Bogert,* 3 Johns. 399. This memorandum appears to be of an order, and not of a sale, and would, so far as it shows for itself, fail to make out a sale without acceptance of the order. Chit. Cont. 349. The acceptance of the order might be by a delivery or forwarding of the goods, according to its terms, so as to charge the purchaser with the price without ac-

ceptance by him; but here there is no delivery; the action is for want of that.

There is nothing from the defendant to help this memorandum out at all. There was a letter to the plaintiff after the order was received, but it treated the memorandum as an order, and did not in any way recognize a sale. *Cooper* v. *Smith, supra.* In *Drury* v. *Young,* the memorandum was, "sold W. H. H. Young," etc. No case has been shown or observed in which the writing did not show a sale, or that from which a sale could be gathered, where it is held sufficient. In this instrument the name of the defendant itself appears, put there by its agent, but as being requested to send the goods, not as selling them. The name of the agent appears, but only as to ordering the goods. If he joined as agent in the order, it would be as agent of the plaintiff, for that comes from him to the defendant, and does not proceed at all from the defendant. If he was authorized he could accept the order in writing, and thus the whole would show a bargain of sale. But the acceptance is lacking, and the memorandum is of only one side of a bargain. The agent has testified to the bargain, and that the writing delivered to the plaintiff was intended to show it. This would be well enough if the writing did show it. Parol evidence is admissible to show the meaning of trade expressions and to apply the writing to the circumstances, but not to contradict the writing, nor to supply any part required by the statute to be in writing. To hold that what is on its face an order may be shown to be intended as a sale, or that an acceptance of an order necessary to make a sale may be supplied by parol, would be to disregard the plain provisions of the statute. In any view of Berry's authority, the statute cuts off this action.

Judgment for defendant.

———————

The language of section 17 of the statute of 29 Car. I. *c.* 3, is as follows: "And bee it further enacted by the authority aforesaid, that from and after the said fower and twentyeth day of June noe contract for the sale of any goods, wares, or merchandises for the price of ten pounds sterling or upwards shall be allowed to be good except the buyer shall accept part of the goods soe sold and actually receive the same, or give something in earnest to bind the bargaine or in part of payment, or that some note or memorandum in writeing of the said bargaine be made and signed by the partyes to be charged by such contract, or their agents thereunto lawfully authorized." The principal case raises the main question under this section of the act, what is a sufficient "note or memorandum in writing" to satisfy the statute? And its consideration may conveniently be divided into (I.) the form of the memorandum, (II.) the contents, and (III.) the signature.

I. THE FORM OF THE MEMORANDUM. Lord ELLENBOROUGH said that "anything under the hand of the party expressing that he had entered into the agreement set out therein" was sufficient.[1] And it was said in the supreme court of the United States, by CATRON, J., in construing the fourth section of the statute, the language of which is similar: "But as the statute·

———————
[1] Shippey v. Derrison, 5 Esp. 191.

does not prescribe the form of a binding agreement, it is sufficient that the natural parts of it appear either expressed or clearly to be implied."[1]

"The statute of frauds does not require the contract itself to be in writing, but a memorandum of it, and a memorandum properly signed of a by-gone contract is quite sufficient."[2]

It thus appears that the memorandum is not the contract, but only the evidence of it, and this is true as to both the fourth and seventeenth sections.[3] Hence letters may be sufficient *memoranda* within the statute, and that, too, whether addressed to the plaintiff or to third parties, so long as they contain actually intelligible *memoranda* of the contract;[4] and even a telegram properly identified is equivalent to a letter,[5] and a receipt or a promissory note may be a sufficient memorandum to show the price, or part of the price, of land, if the contract is described in the writing.[6] An account stated is a sufficient memorandum within the statute to justify a suit for a debt included therein,[7] and it has more than once been held that a will may be a sufficient memorandum of an alleged gift or contract made *inter vivos;*[8] and this, too, even though the original paper be lost after execution, or fall short of the statutory requirements of a will, and hence be invalid as such;[9] but the paper or will, whichever it may be, must contain the whole contract.[10] An insufficient deed may, like an invalid will, be good as a memorandum.[11] But if the deed does not show the real contract, it does not operate as a memorandum of that contract.[12] A bond of arbitration and a reference in partition are both sufficient *memoranda.*[13] So, too, is an affidavit.[14] It is important for litigants to remember that statements or admissions in equity pleadings may also make good defects in their contracts, under the statute, since a statement in a bill in equity to assume an incumbrance and an answer in equity have both been held to sufficiently comply with the statutory requirements;[15] but, if the statute is set up at the same time that the verbal contract is admitted, the answer will not then be binding within the act.[16] Not only is it immaterial what the form of the memorandum may be; it is equally unimportant that the memorandum should be all contained in a single paper. Several papers, if distinctly connected together by reference to each other, may form a sufficient memorandum.[17]

[1] Bell v. Bruen, 1 How. 169. See, also, Moore v. Hart, 1 Vern. 114; Boys v. Ayerst, 6 Madd. 323; Hurley v. Brown, 98 Mass. 546; McCarthy v. Kyle, 4 Cold. 354; Sheid v. Stamps, 2 Sneed, 172; Atwood v. Cobb, 16 Pick. 230; Cadwalader v. App, 81 Pa. St. 210; Wood v. Davis, 82 Ill. 312; McConnell v. Brillhart, 17 Ill. 360; Cushman v. Burritt, 14 N. Y. Wkly. Dig. 59, (S. C. N. Y.;) Jenkins v. Harrison, 66 Ala. 355; Crockett v. Green, 3 Del. Ch. 471; Scarritt v. St. John's M. E. Ch. 7 Mo. App. 178–9; Patton v. Rucker, 29 Tex. 407; Martin v. Weyman, 26 Tex. 466; Cosack v. De Scondres, 1 McCord, 425; Shoofstall v. Adams, 2 Grant, (Pa.) 212; Sherburne v. Shaw, 1 N. H. 159; Parks v. Brinkerhoff, 2 Hill, 663.

[2] Pollock, C. B., Bluck v. Gompertz, 7 Exch. 867.

[3] Lerned v. Wannemacher, 9 Allen, 412; Mirzell v. Burnett, 4 Jones, Law, 252; Bradford v. Roulston, 8 Ir. C. L. R. 472.

[4] Reed, St. Frauds, § 328.

[5] McBlain v. Cross, 25 Law T. (N. S.) 804; Murphy v. Thompson, 28 U. C. C. P. 233; Coupland v. Arrowsmith, 18 Law T. (N. S.) 755; Dilworth v. Bostwick, 1 Sweeny,

588; Kinghorne v. Montreal Tel. Co. 18 U. C. Q. B. p. 66, and Reed, St. Frauds, § 339.

[6] Reed, St. Frauds, §§ 328, 329.

[7] Cocking v. Ward, 1 C. B. 867.

[8] Hart v. Hart, 3 Del. 595; Argenbright v. Campbell, 3 Hen. & M. 159.

[9] Wiley v. Mullins, 22 Ark. 394; Maddox v. Rowe, 23 Ga. 433; Hiatt v. Williams, 72 Mo. 215.

[10] Archer v. Scott, 17 Grant, 249.

[11] Reed, St. Frauds, § 337.

[12] Frazer v. Buder, 3 Law & Eq. Rep. 622.

[13] Cooth v. Jackson, 6 Ves. Jr. 12; Trice v. Pratt, 1 Dev. & B. Eq. 628.

[14] Scott v. Avery, (Dom. Proc.) 20 Monthly Law Rep.; Fell, Guar. 61; Barkworth v. Young, 4 Drew, 9; 26 L. J. Ch. 153.

[15] Ives v. Hazard, 4 R. I. 14; Ivory v. Murphy, 36 Mo. 539; Packard v. Putnam, 57 N. H. 50; Collins v. Decker, 70 Me. 23.

[16] Jackson v. Oglander, 2 H. & M. 472.

[17] Higginson v. Clowes, 15 Ves. 521; Sandilands v. Marsh, 2 Barn. & Ald. 680; Gaston v. Frankum, 2 De G. & S. 567; Horsey v. Graham, 18 Wkly. Reg. 141; God·

II. THE CONTENTS OF THE MEMORANDUM. The memorandum relied on "must contain such words as will enable the court, without danger of mistake, to declare the meaning of the parties. It must obviate the necessity of going to oral testimony, and relying on treacherous memory, as to what the contract itself was."[1] Another test is, that, if specific performance is sought, the terms of the contract must appear with sufficient certainty to enable the chancellor to make a definite decree.[2] The memorandum, whether it be found in a single paper or a series of papers, must show the whole contract; i. e., the promise, the parties, the subject-matter, the consideration, and the conditions, if any.[3] An illustration of the failure of the memorandum to come up to the requirements of the statute in this respect, is found in *McElroy* v. *Buck*,[4] where the plaintiff and defendant had verbal negotiations for the sale of some hogs, and the terms were then and there agreed upon, subject to the defendant's right to go to Ohio first, and to telegraph his determination from there. This was done, and he sent the following telegram to plaintiffs: "I will take double-deck car hogs. William C. Bryant will close contract. [Signed] JAMES McELROY." The court said: "Standing by itself, the telegram contained none of the elements of a bargain except quantity, and it implied that there had been some communication previously in regard to terms which would have to be appealed to, to explain the substance of the bargain. Moreover, it did not purport to be a note or memorandum of an agreement at all, but only a simple notification of adhesion to an agreement which had been previously arranged theretofore, and the terms of which were assumed to be understood, and the facts show that the previous arrangement so referred to was one which rested wholly in parol." In *Lee* v. *Hills*,[5] through the omission of the clerk who made out an intended bill of sale, the word "sold" was omitted, so that the paper of itself showed no contract, although the name of the vendee, and the quantity and prices of the articles, appeared. It was held that the memorandum was insufficient, since the omission could only be supplied by parol testimony. So it was not enough to say: "This is to certify that I have received from Robert Irving, ———, the sum of £10, ———, and have applied it to the sale of lot No. 9 in the fifth concession of West Oxford, and as soon as I get a bond I will give him one for the lot," since it contains neither the terms and conditions of the contract nor the price.[6] But a written offer of sale, which merely requires acceptance by the other party, is good if the acceptance can be proved even by parol.

In *Sanborn* v. *Flagler*[7] the plaintiff relied on the following memorandum: "Will deliver S. R. & Co. best refined iron, 50 tons, within 90 days, at 5 ct. per lb., 4 of cash. Plates to be 10 to 16 inches wide, and 9 ft. to 11 long. This offer good till 2 o'clock Sept. 11, 1862. J. H. F., J. B. R." The plaintiff proved the initials to have been affixed by the defendant and himself, and the acceptance of the offer by himself, before 2 o'clock on the day named. This was held sufficient; BIGELOW, J., saying: "The acceptance of the con-

---

win v. Francis, L. R. 5 C. P. 295: Norris v. Cooke, 7 Ir. C. L. Rep. 41; Williams v. Morris, 95 U. S. 454; Byrne v. Marshall, 44 Ala. 357; Esmay v. Gorton, 18 Ill. 483; Wills v. Ross, 77 Ind. 1; O'Donnell v. Leeman, 43 Me. 158; Drury v. Young, 58 Md. 553; Atwood v. Cobb, 16 Pick. 230; Packard v. Putnam, 57 N. H. 43; Wright v. Weeks, 25 N. Y. 155; Peabody v. Speyers, 56 N. Y. 233; Raubitschek v. Blank, 80 N. Y. 481; Parish v. Koons, 1 Pars. Eq. Cas. 84; Ward v. Orr, 13 Pittsb. L. J. (U. S.) 416; Buck v. Pickwell, 27 Vt. 163.

[1] Scarritt v. St. John's M. E. Church, 7 Mo. App. 178.
[2] Neufville v. Stuart, 1 Hill, Ch. 166; Eargood's Estate, 1 Pears. 400.
[3] Oakman v. Rogers, 120 Mass. 214; Reed, St. Frauds, § 398 et seq.
[4] 35 Mich. 435.
[5] 66 Ind. 474.
[6] Irving v. Merrygold, 3 U. C. Q. B. 273; Patterson v. Underwood, 29 Ind. 610; Riley v. Farnsworth, 111 Mass. 153.
[7] 9 Allen, 475.

tract by the party seeking to enforce it may always be proved by evidence *aliunde.*"[1]

But if the alleged memorandum was not at the time intended to express a contract or an offer for acceptance, so as to complete the contract, it will not satisfy the requirements of the statute; as, where an agent sent a circular to tenants announcing the landlord's intention to grant new terms at an increased rental, and inclosing the draft of an agreement which the tenants signed, it was held that as the circular was not a contract, but a mere declaration of intention, and the landlord did not sign the agreement, the statute was not satisfied.[2]

A curious question, already touched upon in connection with admissions in pleadings, arises upon the effect of a letter or memorandum referring to a previous contract, which by the very letter itself is repudiated. In *Bailey* v. *Sweating*[3] there was an action for goods sold and delivered. After making an oral contract, the vendee wrote a letter to the vendor, saying: "The goods selected for ready money was the chimney-glasses, amounting to 38l. 10s. 6d., [for the price of which the suit was brought,] which goods I have never received, and have long since declined to have, for reasons made known to you at the time." It was held that this was of itself a sufficient memorandum of the contract within the statute, the spirit of which, being to prevent perjury, was clearly not violated, since the contract was proved by the defendant himself. A different view had previously been expressed by Lord BLACKBURN, in his work on the Contract of Sale, p. 66, but he himself subsequently admitted[4] that his opinion there expressed had been overruled by the later cases.[5] Again, in *Ockley* v. *Masson*,[6] a case in many respects similar to the principal case, the defendant's agent, Kerr, made a parol sale of groceries to the plaintiffs. Kerr entered the order in a book (which was not produced at the trial) and reported the sale to the defendants, who thereupon wrote to the plaintiffs: "Mr. Kerr reports a sale that we cannot approve in full, but will accept for, etc.," enumerating certain articles. Plaintiffs insisted upon completion of the order in full, and defendants thereupon canceled the whole order. It was held by PATTERSON, J. A.—*First*, that the agent's letter to his principal, reporting the sale, (which, it is to be observed, is distinguishable from an order as in the principal case,) was a sufficient memorandum, quoting therefor ERLE, J., who said, in *Gibson* v. *Holland:*[7] "Now, a note or memorandum is equally corroborative, whether it passes between the parties to the contract themselves, or between one of them and his own agent;" but in this case he held it to be still stronger that the letter acknowledging the agent's report was from the defendants to the plaintiffs. *Second*, that the effect of the sale was not impaired by the disapproval expressed by the defendants.

The memorandum must show a completed contract; it is not sufficient if there appear to be a *jus deliberandi* or *locus pœnitentiæ*,[8]—see this subject treated at length in Reed, St. Frauds, §§ 395, 396,—but it does not render the memorandum invalid that it contains an agreement for a more formal contract to be made, if, in itself, the contract is clearly made out.[9] If, how-

---

[1] See, also, Simonson v. Kissick, 4 Daly, 146; but, contra, Corbitt v. Salem Gas Co. 6 Or. 405.

[2] Archbold v. Lord Howth, 1 Ir. Rep. C. L. 619; 18 Ir. Jur. 88; and to the same effect, Kurtz v. Cummings, 24 Pa. St. 37; Richards v. Porter, 6 B. & C. 437; Cooke v. Tombs, 2 Anstruther, 424.

[3] 9 C. B. (N. S.) 857.

[4] Buxton v. Rust, L. R. 7 Ex. 280.

[5] See, also, Wilkinson v. Evans, L. R. 1 C. P. 410; Hicks v. Cocks, 67 Law T. 386;

McFarson's Appeal, 11 Pa. St. 509; Jackson v. Lowe, 1 Bing 12; McCaul v. Strauss, 1 Cab. & Ell. 106; Johnson v. Trinity Church, 11 Allen, 123.

[6] 6 Ont. App. R. 108.

[7] L. R. 1 C. P. p. 5.

[8] Williams v. Morris, 95 U. S. 456.

[9] Fowle v. Freeman, 9 Ves. 351; Hamersly v. De Biel, 12 Clark & F. 73; Jones v. Victoria Graving Dock Co. L. R. 2 Q. B. Div. 321; Bonnewell v. Jenkins, 47 L. J. Ch. 758; McFarson's Appeal, 11 Pa. St.

·ever, it appears that it was not the intention of the parties to be bound unless the final and formal contract is made out, then the memorandum is not a memorandum of a consummated contract. Indeed, this rule may be sustained by invoking that already referred to, that there must be no *locus pœnitentiæ.* Thus, in *Winn* v. *Bull,*[1] an agreement was executed expressly "subject to the preparation and approval of a formal contract," and it was held to be insufficient.[2] If no conditions as to payment are contained in the memorandum, the usual or a reasonable time is to be inferred, and proof to the contrary will not generally be allowed.[3]

Apart from the question of the signature, the memorandum must contain the names of the parties to the contract, or at least sufficient to identify them. It is not necessary that their full names should be set out—their initials may :serve for identification; neither is it necessary that the names of the real parties in interest should appear, if they were acting through agents, and the memorandum identifies the agent, and the agency can be proven.

In *Salmon Falls Manuf"g Co.* v. *Goddard*[4] the memorandum was as follows:

"SEPT. 19th.                                     W. W. GODDARD.   12 mos.
"300 bales S. F. drills,       -.    -    -    -    -    -    - $7\frac{1}{4}$
"100 cases blue  do.,       -    ··    -    -    -    -    - $8\frac{3}{4}$
"Credit to commence when ship sails. Not after Dec. 1st. Delivered free ·of charge for truckage. The blues, if color satisfactory to purchasers.
                                                              "R. M. M.
                                                              "W. W. G."

This was accompanied by a bill of parcels, sent shortly after to defendants. .Suit was brought by the Salmon Falls Manufacturing Company to recover the price of the goods named in the memorandum. It appeared that the firm of Mason & Lawrence were the agents of the plaintiffs in Boston, and that the memorandum was signed with the initials of R. M. Mason, one of the firm, for the firm, and it was held (two judges dissenting, however) that the plaintiffs could recover.[5]

It will even suffice in some cases that the parties should be styled by some designation, if the identification can be proven.[6] There has been great conflict of opinion on this point, however, and the true rule appears to be "that, where a description points directly to one set of persons and but one, and their identity can be shown from the writing or from other written evidence, ·or by parol evidence, which can indicate the persons described in the writing without involving inadmissible oral proof of anything in the contract itself, the writing is sufficient under the statute of frauds."[7]

III. THE SIGNATURE. The seventeenth section of the statute provides that the note or memorandum shall "be made and signed by the parties to be charged by such contract, or their agents thereunto lawfully authorized." In

510; Caborne v. Godfrey, 3 Des. 520; Raubitschek v. Blank, 80 N. Y. 480.
[1] L. R. 7 Ch. Div. 29.
[2] See, also, Ridgway v. Wharton, 6 H. L. ·Cas. 255; Wharton v. Stoutenburgh, 35 N. J. Eq. 274; and Tawney v. Crowther, 3 Bro. C. C. 318.
[3] Atwood v. Cobb, 16 Pick. 230; Hawkins v. Chace, 19 Pick. 504; Greaves v. Ashlin, 3 Camp. 316; O'Donnell v. Leeman, 43 Me. 160; Ide v. Stanton, 15 Vt. 689; Smith v. Jones, 7 Leigh, 165; Lockett v. Mifflin, 2 Ex. Ch. 92; Ford v. Yates, 2 Man. & G. 569. But see, also, Paul v. Owings, 32 Md. 406; Hopkins v. Roberts, 54 Md. 316.

[4] 14 How. 446.
[5] See, on the same point, Bourdillon v. Collins, 24 Law T. R. (N. S.) 345; Barry v. Coombe, 1 Pet. 651; Mordecai v Gadsden, 2 Speer 566; Cadwalader v. App. 81 Pa. St. 210; Irvine v. Dane, 2 Ir. Jur. 210; Forbis v. Shattler, 2 Cinn. Rep. 95; Lerned v. Wannemacher, 9 Allen, supra; Cossitt v. Hobbs, 56 Ill. 231; Walsh v. Barton, 24 Ohio, 39.
[6] Hood v. Ld. Barrington, L. R. 6 Eq. 221; Commins v. Scott, L. R. 20 Eq. 16.
[7] Reed, St. Frauds, § 407, and the cases therein cited.

one respect the consideration of this clause has been anticipated by what has immediately preceded, but it was there mentioned, not with regard to the character of the signature of the party to be charged, but to illustrate the rule that the contract must be so far complete in itself as to require no parol testimony to show who are the parties to the contract. The consideration of the signature involves (1) the meaning of the word "parties;" (2) the requisites to the signature; (3) the place of the signature; and (4) the signature of an agent. It may be observed in passing that the memorandum itself need not be in the handwriting of the party to be charged; it may be either in other handwriting or printed.[1]

(1) There is no difference between the fourth and seventeenth sections of the statute, caused by the use of the word "party" in the one and "parties" in the other; in either case, in the absence of special provisions in local statutes, the memorandum need be signed only by the *"party"* to be charged.[2]

(2) In *Sanborn* v. *Flagler*[3] BIGELOW, C. J., said: "It is hardly necessary to add that the signature is valid and binding, though made with the initials of the party only, and that parol evidence is admissible to explain and apply them."[4] So, too, the statute is satisfied by the mark of the person to be charged, or any figure or designation, if the party affixing intends to be bound thereby.[5] Finally, it is not even essential that the party to be charged should have affixed either signature, initial, or mark of any kind with his own hand, if his name be even printed with his authority, and the printed signature be intended to bind it will be sufficient. In *Drury* v. *Young*,[6] STONE, J., said: "In *Schneider* v. *Norris*[7] Lord ELLENBOROUGH decided that the appropriation and recognition of a printed name was sufficient." In *Boardman* v. *Spooner*,[8] however, FOSTER, J., said: "The stamping of the purchaser's name and a date on the bill, and memorandum of weights at some time, while these papers were in their possession, without evidence when or for what purpose this was done, did not show that they had adopted such a stamp as a signature and affixed it to the instruments with the intent to bind themselves thereby. * * * We do not regard the mere fact that when these papers were produced at the trial by the defendants they were found to be so stamped, as a circumstance which either a court or a jury should be at liberty to treat as proof of a signature by the party to be charged."

(3) It is quite immaterial in what part of the memorandum the signature may be, if it sufficiently appear that it was intended to govern the whole agreement which it authenticates;[9] but the signature must be intended to govern the whole contract, otherwise its position may make a difference.[10]

[1] Morton v. Copeland, 16 C. B. 535.

[2] Morin v. Martz, 13 Minn. 192, (Gil. 180;) Egerton v. Matthews, 6 East, 308; Liverpool Borough Bank v. Eccles, 4 H. & K. 143; Bank of British America v. Simpson, 24 U. C. C. P. 357; Kizer v. Locke, 9 Ala. 269; Vassault v. Edwards, 43 Cal. 458; Weldin v. Porter, 4 Houst. 239; Linton v. Williams, 25 Ga. 391; Perkins v. Hadsell, 50 Ill. 220; Cook v. Anderson, 20 Ind. 15; Balch v. Young, 23 La. Ann. 272; Getchell v. Jewett, 4 Greenl. 366; Williams v. Robinson, 73 Me. 195; Dresel v. Jordan, 104 Mass. 407; Scott v. Bush, 26 Mich. 420; Marqueze v. Caldwell, 48 Miss. 30; Luckett v. Williamson, 37 Mo. 395; Nat. Fire Ins. Co. v. Loomis, 11 Paige, 431; Mizell v. Burnett, 4 Jones, (N. C.) 249; Johnston v. Cowan, 59 Pa. St. 275; Sheid v. Stamps, 2 Sneed, 172; Brandon Co. v. Morse, 48 Vt. 326; Capehart v. Hale, 6 W. Va. 550.

[3] 9 Allen, 474.

[4] See, also, Chicester v. Cobb, 14 Law T. (N. S.) 433; Phillimore v. Barry, 1 Camp. 513; but see, also, Sweet v. Lee, 3 Man. & G. 453.

[5] Palmer v. Stephens, 1 Denio, 471; Brown v. Butchers' Bank, 6 Hill, 443; Weston v. Myers, 33 Ill. 432; McFarson's Appeal, 11 Pa. St. 503; Madison v. Zabriskie, 11 La. 251; Helshaw v. Langley, 11 L. J. Ch. 17.

[6] 58 Md. 546.

[7] 2 Maule & S. 286.

[8] 13 Allen, 358.

[9] Torrett v. Cripps, 27 W. R. 706; Drury v. Young, 58 Md. 547; Penniman v. Hartshorne, 13 Mass. 87; Sayers v. Patterson, 2 W. N. C. 334; Johnson v. Dodgson, 2 Mees. & W. 653; Bleakley v. Smith, 11 Sim. 150; Saunderson v. Jackson, 2 B. & P. 239; Schneider v. Norris, 2 M. & S. 288; Reed, St. of Frauds, § 385, note c.

[10] Caton v. Caton, L. R. 2 H. L. 135

(4) The general rule is that the same person cannot be agent for both parties.[1] There is an exception to this rule, however, in the case of a professional broker, who is usually, apart from the statute of frauds, the agent of both parties, and who may make a memorandum under the statute binding upon both of his principals.[2] The authority of the agent to make a sale of chattels under the statute may be given orally.[3]

Before closing this note, the annotator must add an acknowledgment of the assistance which he has received from N. Dubois Miller, Esq., of the Philadelphia bar, in the preparation and arrangement of the points of law which have just been considered.                 HENRY REED.

*Philadelphia, Pa.*

[1] Wright v. Dannah, 2 Camp. 203; Bailey v. Ogden, 3 Johns. 418; Hazard v. Day, 14 Allen, 494; Rayner v. Linthorne, 2 C. & P. 124; Johnson v. Buck, 35 N. J. Law, 340; Marx v. Bell, 48 Ala. 499; Strong v. Dodds, 47 Vt. 354.

[2] Lusk v. Hope, 17 Low. Can. Jur. 19; Colvin v. Williams, 3 Har. & J. 38; Sale v. Darragh, 2 Hilt. 196; Hinckley v. Arey, 27 Me. 363; Spyer v. Fisher, 37 N. Y. Super.100; Pringle v. Spaulding, 53 Barb. 17; Hicks v. Hawkin, 4 Esp. 114; Glengal v. Barnard, 1 Keen, 788; Rucker v. Cammeyer, 1 Esp. 105; Butler v. Thompson, 92 U. S. 412.

[3] McBlaine v. Cross, 25 Law J. (N. S.) 804; Shaw v. Nudd, 8 Pick. 12; Chapman v. Portridge, 5 Esp. 257; Lawrence v. Gallagher, 73 N. Y. 613.