SMITH *et al.* v. SHELL, *Appellant.*

1. **Sale of Goods**: STATUTE OF FRAUDS: MEMORANDUM. A memorandum of the sale of goods to be sufficient under the statute of frauds, must state the contract with reasonable certainty so that its substance will appear from the writing itself, without recourse to parol evidence.

2. **Contract**: SALE: DELIVERY: MEMORANDUM. It is not essential to the validity of such a contract that it should stipulate for any time or place of delivery of the goods, but if there be such a stipulation, the memorandum must contain it.

3. SALE: MEMORANDUM, CONSTRUCTION of. Where in the sale of goods the time and place of delivery are not agreed upon, the memorandum will be construed as a contract for delivery within a reasonable time and at the vendor's customary place.

4. **Contract**: VARIANCE. A plaintiff cannot recover upon a contract for the sale of goods which he testifies is not the contract made between him and the defendant, and which is one materially different

82 215
112 522
52a 493
53a 433

82 215
54a 383

82 215
55a 379

82 215
59a 536
60a 677

82 215
64a 196

82 215
65a 508

82 215
154 351

82 215
97a 1155
97a 1156

from that alleged in his petition and evidenced by the memorandum in writing.

5. **Evidence**: OFFER OF COMPROMISE. Evidence, relating to an offer of compromise made after the controversy between the parties arose, is inadmissible. ·

*Appeal from Audrain Circuit Court.*—HON. ELIJAH ROBIN-SON, Judge.

REVERSED.

*Ira Hall,* for appellant.

The memorandum offered by plaintiffs should have been excluded. There was a fatal variance between the contract counted on and that shown by the memorandum. The latter was insufficient under the statute of frauds; its omissions cannot be supplied by parol testimony. Benjamin on Sales, (2 Ed.) § 254, p. 215 ; 1 Greenleaf Ev., § 268 ; 2 Whart. Ev., § 871 ; Browne Stat. Frauds, §§ 371, 371a, 376, 384, 420 ; Story on Sales, §§ 269, 272 ; Woods on Master and Servant, § 195, pp. 377, 378, and notes of cases on pp. 378, 379, (Ed. 1877). *Delventhal v. Jones,* 53 Mo. 463 ; *Stone v. Brown,* 68 N. Y., p. 598 ; *Bailey v. Ogden,* 3 Am. Dec., 509 ; *Lee v. Hills,* Sup. Ct. Ind., 9 Cent. Law J. 436. Even if the contract were valid under the statute of frauds, defendant was released by neglect of plaintiffs to demand and offer to pay for the corn in a reasonable time. Defendant's objections to the evidence as to value of the corn should have been sustained. Evidence as to value of the corn, should have been confined to its value in pens on defendant's farm at the time it was to be delivered. *Rickey v. Tenbroeck,* 63 Mo. 563.

*Macfarlane & Trimble* for respondents.

The writing was a sufficient memorandum of the contract to comply with the statute of frauds. The law does not require the contract to be reduced to writing, but

merely that "some note or memorandum in writing be made of the bargain." R. S. 1879, § 2514; *Wiley v. Robert*, 27 Mo. 388; *Wiley v. Robert*, 31 Mo. 212; *Salmon Falls Mfg. Co. v. Goddard*, 14 How. 446.

HENRY, J.—This is a suit by which plaintiffs seek to recover damages for breach of a contract for the sale and delivery of one thousand barrels of corn, alleged to have been purchased by them of the defendant. The petition alleges in substance, that on or about the 1st of November, 1879, they bought of defendant one thousand barrels of corn, a portion of which was then cribbed or penned, and the balance ungathered, for which plaintiffs were to pay $1,035, ten of which was paid, and the balance to be paid when defendant should gather and put the balance of the corn in pens. That he agreed to gather and put it in pens within a reasonable time thereafter, in order that plaintiffs might have the same in readiness to ship and sell upon any rise in the market that might thereafter occur. Then follows allegations of the breach of said contract.

The statute of frauds was pleaded with other defences which it is unnecessary to notice specially.

The cause was tried by the court without a jury, and from a judgment in plaintiffs' favor, defendant appeals. The following is the written memorandum of the bargain relied upon by plaintiffs:

"NOVEMBER 1st, 1879.

This is to certify that I have sold to L. C. Smith and J. A. Smith 1,000 barrels of corn for the sum of one thousand and thirty-five dollars ($1,035).

J. R. SHELL."

Lowry Smith, one of plaintiffs, testified that the corn by the agreement, was to be delivered in ten days, or two weeks. That defendant was to gather the corn and put it in pens or cribs, and to shell it at defendant's farm, where it was to be weighed.

Without detailing the evidence in relation to other

matters, we shall proceed to consider whether the memorandum taken in connection with Lowry Smith's testimony is a sufficient memorandum of the contract under the statute, which declares that:

"No contract for the sale of goods, wares and merchandise, for the price of $30, or upwards, shall be allowed to be good, unless the buyer shall accept part of the goods so sold and actually receive the same, or give something in earnest to bind the bargain, or in part payment, or unless some note or memorandum in writing be made of the bargain and signed by the parties to be charged with such contract, or their agents lawfully authorized." All the authorities are agreed, that the contract must be stated with reasonable certainty, so that its substance will appear from the writing itself, without any recourse to parol evidence. Story on Sales, § 269; Browne on the Statute of Frauds, § 384; Benjamin on Sales, §§ 249, 250; Hilliard on Sales, pp. 624, 629; 1 Greenleaf's Ev., § 268. It is not essential to the validity of a contract, that it should stipulate for any time or place of delivery; but if there be such a stipulation, the memorandum must contain it. Browne on the Statute of Frauds, § 384; Benj. on Sales, §§ 209, 210, 251, 349; Story on Sales, 270. The memorandum must contain all the material terms of the contract. One exception, the only one, is that of the consideration upon which the promise is founded, allowed by most of the American, but not by the English courts. The time and place of delivery are material stipulations, in all contracts for the purchase and delivery of chattels. If the time and place had not been agreed upon, the memorandum would have been construed as a contract for delivery in a reasonable time, and at the vendor's customary place.

But when time or place is stipulated, it goes to the essence of the contract, and must appear in the memorandum. The contract so far as expressed, and so far as the law would supply terms, unexpressed, was to deliver the corn in a reasonable time.

Plaintiff testified, in effect, that such was not the con-. tract, but that the corn was to be delivered in ten days or two weeks. Some of the authorities, mostly English, hold that in order to show the insufficiency of the memorandum, it is competent for the defendant to prove, that a material stipulation in the contract entered into is not contained in the memorandum. Benj. on Sales, §§ 209, 249; Story on Sales, section 270. But we do not pass upon that question, on which there is a conflict between the authorities. One of plaintiffs, not called by defendant as a witness, nor on cross-examination, testified in his own behalf, that it was agreed that the corn was to be delivered within ten days or two weeks. Conceding that such testimony could not have been introduced by defendant, shall the plaintiff recover upon a contract, which he testifies is not the contract made between him and the defendant and materially different from that alleged in his petition, and evidenced by the memorandum in writing? The statute declares that no contract shall be allowed to be good * * unless some note or memorandum in writing be made of the bargain, etc. While it might be contrary to public policy, and defeat the very purpose in view in the enactment of the law, to permit a party who signed the contract to prove by parol that there were other stipulations than those contained in the contract; yet, if the party seeking to enforce it, will voluntarily come into court and testify that the contract contained in the written memorandum is not, in fact, the contract made, it would contravene no public policy to refuse him redress for a breach of the contract, either that actually made, or the one evidenced by the written memorandum. The contract actually made cannot be enforced, because not reduced to writing, that contained in the written memorandum should not be, because the party seeking to enforce it voluntarily declares on oath, that it is not the contract the parties made.

Mr. Hilliard says: "If a written contract of sale men-

tions no price, and it is proved by parol evidence that a price was agreed on, the writing cannot be used as evidence of the agreement between the parties." Hilliard on Sales, 232. And to the same effect, are the authorities above cited. *Boardman v. Spooner*, 13 Allen 359. If the suit is for a non-delivery of the goods sold, the plaintiff must fail in such a case ; but, if sold by a written contract, and delivered, the vendor may recover in a proper suit, because the delivery and acceptance of the goods satisfies the statute. In the case at bar plaintiff sued on one contract, and was permitted to recover upon one different in its terms. Both on reason and authority, in the light of Lowry Smith's testimony, we think that the memorandum relied upon by plaintiffs is insufficient under the statute, and the defendant's second refused instruction to that effect should have been given.

The evidence introduced by plaintiffs to the effect, that in November, 1879, (whether before any controversy arose between the parties, or not, does not appear) defendant offered plaintiff $100 to release him from the contract, was inadmissible, if made by way of compromise, after the controversy arose, and, if made before, has no tendency to prove any allegation in plaintiffs' petition. It throws no light upon the question of damages, for the defendant may have been willing to give $100, rather than comply with the contract, on grounds other than that of a rise or fall in the market. Notwithstanding the price he was to get may have been the full market value of the corn when sold, and at the time it was to be delivered, with no prospect of a rise in the market, yet he might have been willing to give that sum of money to get rid of the trouble and worry of getting the corn ready for delivery at the time agreed upon.

The judgment is reversed and the cause remanded. Sherwood and Ray, J. J., concur. Norton, J., dissents. Hough, C. J., absent.