Fox *et al.*, *Plaintiffs in Error*, v. COURTNEY.

### Division Two, July 1, 1892.

1. **Sale of Land:** DESCRIPTION: STATUTE OF FRAUDS. A contract for the sale of land to be sufficient, under the statute of frauds, must describe it so as to enable it to be identified, either by the description itself or by reference to extrinsic facts, by means of which it can be found.

2. ———: ———: ———. A contract to purchase "ground lying between Missouri avenue and Sixth street on the east side of Grand avenue" is insufficient, under the statute of frauds, because of the uncertainty of the description of the land.

3. ———: ———: ———: ELECTION. Nor is such description cured by the vendor's election to describe in his petition the land sold as "thirty-three feet of ground on the east side of Grand avenue lying between Missouri avenue and Sixth street and fronting on Grand avenue in Kansas City, Mo."

*Error to Jackson Circuit Court.*

AFFIRMED.

*H. B. Johnson* for plaintiffs in error.

(1) The memorandum calls for ground lying on the east side of Grand avenue, and between Missouri

avenue and Sixth street. It is not stated in this memorandum that these streets and avenues are in Kansas City, Missouri; but this can be shown by parol evidence. *Scanlon v. Geddes*, 112 Mass. 15; *Mead v. Parker*, 115 Mass. 413; *Burnett v. Kullak*, 76 Cal. 535; *Marriner v. Dennison*, 78 Cal. 202; *Hurley v. Brown*, 96 Am. Dec. 671, and note; *Briggs v. Munchon*, 56 Mo. 467. (2) There could be no difficulty in ascertaining from the memorandum the location of the property; and, where that is the case, the memorandum is sufficient. *Hollis v. Burgess*, 37 Kan. 487; *Phillips v. Swank*, 120 Pa. St. 76; *Francis v. Barry*, 37 N. W. Rep. (Mich.) 353; *Morrison v. Dailey*, 6 S. W. Rep. (Tex.) 426; *Quinn v. Champaigne*, 38 Minn. 322; *Lente v. Clarke*, 22 Fla. 515; *Winn v. Henry*, 84 Ky. 48; *Springer v. Kleinsorge*, 83 Mo. 152; 8 American & English Encyclopedia of Law, 724.

*John W. Snyder* for defendant in error.

The memorandum utterly fails to describe the property, and, therefore, the statute of frauds forbids its enforcement. Upon this proposition we could confidently refer this court, if necessary, to every decision expounding the principle involved. *King v. Wood*, 7 Mo. 389; *Whaley v. Hinchman*, 22 Mo. App. 483; *Marriner v. Dennison*, 78 Cal. 208; *Dobson v. Litton*, 5 Cald. 616; *Withnell v. Petzold*, 104 Mo. 413; *Kennedy v. Kennedy*, 57 Mo. 78; *Berry v. Hartzell*, 91 Mo. 137; *Nippolt v. Kammon*, 40 N. W. Rep. (Minn.) 266; *Halthouse v. Rynd*, 11 Cent. Rep. (Penn.) 157; *Howell v. Zerbee*, 26 Ind. 214; *Baldwin v. Kerlin*, 46 Ind. 426; *Parteriche v. Powlett*, 2 Atkyns, 385 (HARDWICKE'S decision); *Francis v. Barry*, 69 Mich. 311; *Tallman v. Franklin*, 14 N. Y. 589; *Holmes v. Evans*, 48 Miss. 247; *Holmes v. Johnston*, 12 Heisk. 155; *Clark v. Cham-*

*berlain*, 112 Mass. 19.   A demurrer lies, and the doctrine of election does not apply.

MACFARLANE, J.—The action was for alleged breach of contract in failing to purchase of plaintiff thirty-three feet of ground on the east side of Grand avenue, lying between Missouri avenue and Sixth street, and fronting on Grand avenue in Kansas City, Missouri, as agreed under the following contract:

"I agree to purchase of Lansdale Fox and M. H. Fox ground lying between Missouri avenue and Sixth street on the east side of Grand avenue, at four hundred dollars ($400) per front foot, payment to be made as follows:   $500 down to bind the sale, one-third in thirty days, and one-third in one and one-third in two years, at eight-per-cent. interest.

"April 2, '86.
"(Signed)                    C. C. COURTNEY.
"Received of C. C. Courtney $1 on above.
"April 2, '86.
"(Signed)                         M. H. Fox."

Plaintiffs charged that on the day of the execution of said contract and in consideration thereof, and relying thereon, they entered into a contract in writing with the owner in fee of said thirty-three feet of ground for the purchase thereof, to whom they paid $100 cash to bind the bargain;   that on the same day "they offered to defendant the same under the writing aforesaid, and on the terms therein agreed upon, and that they were ready and willing to convey or cause to be conveyed to defendant the said premises on the terms and at the price agreed upon, but defendant then and there refused to purchase the said property of plaintiffs as he agreed to do as aforesaid.

They further charged that they were compelled to sell said ground for the best price they could obtain at

a loss of $5,575, for which they asked judgment. A general demurrer to this petition was sustained, and the case is brought to this court on a writ of error.

I.   Several objections are made in this court to the sufficiency of the petition.   One of these is that the contract is not sufficient to satisfy the statute of frauds on account of the uncertainty in the description of the land which is the subject-matter of the contract.   We think this objection to the petition insuperable, and no other ground of demurrer need be considered.

The general rule given by Browne on the Statute of Frauds, section 371, is that the writing required by the statute "must contain the essential terms of the contract, expressed with such a degree of certainty that it may be understood without recourse to parol evidence to show the intention of the parties."   And again in section 385:  "It must, of course, appear from the memorandum what is the subject-matter of the defendant's engagement.   Land, for instance, which is purported to be bargained for, must be so described that it may be identified."   Fry on Specific Performance of Contracts, sec. 325.

While this certainty is required, the identification may sufficiently appear by reference to "an external standard, and need not be in terms explained."   Thus a reference to deeds, conveying the same property or particular ownership or occupancy of the property, may be sufficient.   But it will be found that the description of the land, when the subject-matter of the contract, must appear in the contract itself or from some reference in the contract to external matters by which it can be identified by extrinsic evidence.   The description cannot be supplied altogether by parol. "The writing must be a guide to find the land, must contain sufficient particulars to point out and distinguish the tract from any other.   Browne on Statutes

of Frauds, sec. 385; Fry on Specific Performance of Contracts, sec. 328; *Moore v. Mountcastle*, 61 Mo. 425; *Kennedy v. Kennedy*, 57 Mo. 75; *Schroeder v. Taaffe*, 11 Mo. App. 267; *Clark v. Chamberlain*, 112 Mass. 19; *Brockway v. Frost*, 40 Minn. 155.

It takes but a glance at the contract under consideration to see that it falls short of what is required under the standard fixed by the foregoing rules to make a valid contract under the statute of frauds. The ground intended as the subject of the purchase is neither described in the written contract, nor does the writing guide us to any extrinsic fact from which the land can be found and identified.

II. It is claimed that the contract gives plaintiffs the right to elect what particular lot was to be purchased, and thereby the objection on account of the uncertainty in the description of the land was obviated. It has been held that uncertainty in description may, under some circumstances, be cured by an election by one of the parties thereto. Fry on Specific Performance of Contracts, sec. 329; *Rumble v. Heygate*, 18 W. R. 749; *Jenkins v. Green*, 27 Beav. 437.

Without stopping to inquire whether under this contract plaintiff had the right to select the ground defendant was to purchase, it is very clear that the selection made as described. in the petition is very nearly as wanting in certainty as that described in the original contract. The number of front feet, it is true, is given as being thirty-three, but nothing is contained in the petition indicating what particular lot of thirty-three front feet was meant. We do not think, reading the contract and petition together, that any land was sufficiently described to satisfy the statute. Judgment affirmed. All concur.