RINGER, *Plaintiff in Error*, v. HOLTZCLAW.

Division Two, December 6, 1892.

1. **Land:** STATUTE OF FRAUDS: MEMORANDUM. A memorandum of a contract for the sale of land must state the contract with reasonable certainty, so that its essential terms may be ascertained from the writing itself without a resort to parol evidence.

2. **Parol Evidence:** WRITTEN CONTRACT: STATUTE OF FRAUDS. The rule that, where a written contract shows on its face that it is incomplete, the omitted parts may be supplied by parol evidence does not apply to contracts which the statute of frauds requires to be in writing.

3. **Contract:** VARIANCE. Proof of an agreement to assign to one a contract for the sale of land does not support the charge of a sale of the land to such person.

Ringer v. Holtzclaw.

*Error to Linn Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*A. W. Mullins* and *Harry K. West* for plaintiff in error.

The memorandum of the contract is sufficient. It does not purport to be a complete expression of the entire contract. The matter omitted may be supplied by parol evidence. *O'Niel v. Crain*, 67 Mo. 250; *Lash v. Parlin*, 78 Mo. 391; *Ellis v. Bray*, 79 Mo. 227; *Rollins v. Claybrook*, 22 Mo. 407; *Mass v. Green*, 41 Mo. 389; 1 Greenleaf on Evidence [10 Ed.] sec. 284a.

*J. L. Berry* for defendant in error.

The memorandum was insufficient. All the essential elements of the agreement must appear from it. *Williams v. Morris*, 95 U. S. 444; *Scarrett v. Church*, 7 Mo. App. 174; *Schroder v. Toffe*, 11 Mo. App. 267; *Boeckler v. McGowan*, 12 Mo. App. 507; 1 Story on Equity, sec. 837. No price is stated; no terms of payment; no description of property; the mutual undertakings of the parties do not appear; nothing appears to satisfy the statute. Everything required by the statute to appear in a memorandum for the sale of real estate is omitted from this one, and such omission cannot be supplied by parol testimony. *Riley v. Farnsworth*, 116 Mass. 223; Benjamin on Sales [4 Am. Ed.] sec. 249; 2 Wharton on Evidence, sec. 871; *Scarrett v. Church*, 7 Mo. App. *supra;* 1 Greenleaf on Evidence, sec. 268; *Stone v. Brown*, 68 N. Y. 598; Hilliard on Sales, 232. On the plaintiff's own evidence he cannot recover, because it shows an entirely different contract from that alleged in his petition. *Smith v. Shell*, 82 Mo., *supra.*

GANTT, P. J.—This is a suit to enforce specific performance of an alleged contract for the sale and purchase of lots 7, 8, 9 and 10, in block 184, in the town of Marceline, Linn county.

Plaintiff alleged that defendant had paid $25 on the trade and owed $975, and that a memorandum of the agreement was reduced to writing and signed by defendant.

The defense was a general denial, statute of frauds, and a verbal contract, whereby defendant averred he had an option on said lots to be taken or declined on April 2, 1888; that if he accepted them plaintiff was to furnish a satisfactory abstract and deliver a good and sufficient warranty deed, conveying a perfect title thereto; that plaintiff did not furnish a perfect abstract and refused to make the deed.

On the trial, the following memorandum was read in evidence:

"MARCELINE, Mo., March 16, 1888.

"It is agreed by and between E. M. Randolph, R. M. Ringer and T. A. Smedley, that each of them have the liberty to sell lots 7, 8, 9, 10, block 184, and whichever sells to have all the commission, and each party has the privilege to sell each lot at $250, which shall satisfy Mr. Ringer in full for said lots, and if sale is not made within sixteen days from this date Mr. Holtzclaw is to pay to Mr. Ringer the original price agreed upon between them.

"T. A. SMEDLEY,
"E. M. RANDOLPH,
"R. M. RINGER,
"R. HOLTZCLAW."

Defendant never took possession. Plaintiff never offered defendant a deed to the lots, and testified that his agreement with defendant was verbal, and by it he was to assign defendant four several contracts for said

lots, which plaintiff held from the Santa Fe Town Company, the owner of the lots, on which he had paid $66.66 on each lot; that defendant was to assume these contracts, pay the town company the balance due it, and plaintiff $441.66. He also offered as a witness E. M. Randolph, who testified to about the same state of facts. The defendant on his part denied that he agreed to take the contracts; testified that he demanded an abstract and deed; that the abstract was furnished but not in the time limited, and was pronounced insufficient by Webb M. Rubey, Esq., his attorney, and he then decided to have nothing more to do with the matter, and refused to take the contracts.

The circuit court dismissed the bill, and refused the specific performance. Plaintiff has appealed.

I. The circuit court committed no error in refusing the specific performance. The case comes within the letter and spirit of the statute of frauds. The memorandum is wholly insufficient as evidence of a contract. It does not purport to be a memorandum of a contract. It merely refers in a vague and indistinct way to an agreement made about a price at another time. Whether that other agreement would be good must depend on whether it met the requirements of the law. When it appeared to be entirely verbal, of course it had no effect in law. All the authorities are agreed that the memorandum must state the contract with reasonable certainty, so that its essential terms can be ascertained from the writing itself without a resort to parol evidence. Browne on Statute of Frauds, sec. 384; Benjamin on Sales [Bennett's Ed.] secs. 249, 250; *Smith v. Shell*, 82 Mo. 215; *North & Co. v. Mendel*, 73 Ga. 400; *Fry v. Platt*, 32 Kan. 62; *Williams v. Robinson*, 73 Me. 186; *Lee v. Hills*, 66 Ind. 474; *Banks v. Mfg. Co.*, 20 Fed. Rep. 667; *Williams v. Morris*, 95 U. S. 444; *Grafton v. Cummings*, 99 U. S. 100.

The appellant invokes the doctrine that, where a contract upon its face is incomplete, resort may be had to parol evidence to supply the omitted stipulations. But, to admit the application of that doctrine in this case, we must go to the extent of permitting plaintiff to establish not a *part* but the *whole contract* by parol, and thus deny the authority of the statute, and in effect permit parties to agree that the statute of frauds shall not affect their contracts, and then invoke the aid of the courts of the state to enforce agreements made in defiance of its laws.

The rule relied upon by appellant has long existed at common law *in cases · unaffected by the statute of frauds*. At common law contemporaneous parol evidence was not permitted to change the written contract, because the law conclusively presumed that prior negotiations and agreements were merged in the writing, and that it contained the entire agreement.

By the statute of frauds, on the contrary, the parol evidence is rejected because it is the policy of the law to regard it as untrustworthy. At common law, if the contract was incomplete on its face, oral evidence was admissible to supply the defects, because the oral contract was good without the writing, and, the presumption that all the agreement was in the writing being negatived on its face, no principle of law was violated in admitting the parol evidence. But under the statute of frauds, if the subject-matter of the contract is within the statute, and the contract or memorandum is deficient in some one or more of those essentials required by the statute, parol evidence cannot be received to supply the defects, for this were to do the very thing prohibited by the statute. This must be obvious upon the slightest reflection. This distinction was made by Lowrie, C. J., in *Musselman v. Stoner*, 31 Pa. St. 265. *Glass v. Hulbert*, 102 Mass. 24; *Moulding*

*v. Prussing*, 70 Ill. 151; *Osborn v. Phelps*, 19 Conn.
63; 1 Story on Equity Jurisprudence, sec. 770*a*; 1
Greenleaf on Evidence [14 Ed.] sec. 86; but was over-
looked in *O'Neil v. Crain*, 67 Mo. 250, and *Lash v.
Parlin*, 78 Mo. 391. We freely concur in the statement
of the rule made in those cases when applied to a case
*not falling within the statute*, but as to a case the
subject-matter of which is within the statute, we think
such a rule must inevitably become subversive of a
plain statute, and it is our province to uphold and
enforce the statutes, not to nullify them.

Nor have we any inclination to add another excep-
tion to the statute, since, as said by JACKSON, C. J., in
*Smith v. Jones*, 66 Ga. 338: "The flood gates are open
wide as to the competency of witnesses, and the only
breakwater left is the requisition to put this class of
contracts, and others of similar character, in writing."

Accordingly, we hold that parol evidence was not
admissible to supplement the memorandum offered in
this case, because the law demanded the contract should
be in writing, and the trial court ruled correctly in so
holding.

II. But in no view of this case was appellant
grieved by the judgment of the trial court. His own
evidence, if accepted without question, established an
entirely different contract from that alleged in his
petition. His petition counted on a sale of lots. His
evidence tended to show an agreement to merely assign
his contracts with the Santa Fe Town Company to
defendant, and the substitution of defendant as pay-
master to the town company.

The memorandum does not support plaintiff's evi-
dence. If there was such an agreement as plaintiff's
evidence would prove, then the memorandum was
utterly deficient in not stating it, and of course he
cannot recover, because the statute required a memor-

andum of *that contract,* not a memorandum from which all its essentials were omitted. Hilliard on Sales, p. 232; *Smith v. Shell,* 82 Mo. 215.

The judgment of the circuit court is affirmed. All of this division concur.