FRANK L. MILLER, Appellant, v. THE GOODRICH BROS. BANKING COMPANY, Respondent.

Kansas City Court of Appeals, April 3, 1893.

1. **Contracts:** PART IN WRITING: PART IN PAROL: EVIDENCE. Where the writings are incomplete and do not express the entire contract, parol evidence may be heard showing the remainder of the contract, if it be not inconsistent with or contradictory of the writing.

2. **Frauds and Perjuries:** NOT TO BE PERFORMED WITHIN ONE YEAR. A contract not to be performed within one year must, under the statute of frauds, be in writing, and it must all be in writing, not part in writing and part in parol. Following *Rucker v. Harrington*, decided at this term.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

AFFIRMED.

*James P. Thomas,* for appellant.

(1) Parol evidence is not admissible to alter, vary or add anything to the contract as made by the letters of June 26 and 27, 1889. *Keller v. Webb*, 126 Mass. 393; *Meinhardt v. Mode*, 22 Fla. 279; *Rollins v. Claybrook*, 22 Mo. 407; *Pearson v. Carson*, 69 Mo. 550; 1 Greenleaf on Evidence [14 Ed.] sec. 275. (2) The agreement by appellant to give a bond, if any such agreement was ever made, was not omitted from the writing by reason of any fraud on the part of appellant, nor by reason of accident or mistake, therefore it was not

competent to prove such agreement by parol evidence. *Morgan v. Porter*, 103 Mo. 140; *State ex rel. v. Hoshaw*, 98 Mo. 358. (3) The contract in suit is a contract not to be performed within a year, therefore it is within the statute of frauds, and parol evidence is not admissible to prove that in addition to the writing there was a further oral agreement between the parties. *Clarke v. Russell*, 3 Dallas, 415; 1 Curtis on Decisions, 295; 1 Benjamin on Sales [4 Am. Ed., by Corbin], 226, note 17, and authorities there cited; 219 and 220, note 7; Browne on Statute of Frauds [4 Ed.] sec. 411. (4) Part performance will not take out of the operation of the statute a contract not to be performed within a year from the making thereof. *Atwood's Adm'rs v. Fox*, 30 Mo. 499; *Sharp v. Rhiel*, 55 Mo. 97. (5) A general denial is a sufficient plea of the statute of frauds, and under it a written contract must be produced. *Springer v. Kleinsorge*, 83 Mo. 152; *Allen v. Richard*, 83 Mo. 55; *Bernhardt v. Walls*, 29 Mo. App. 206.

*Beardsley & Gregory* and *Grant R. Bennett*, for respondent.

(1) While it is true that parol evidence is not admissible to alter, vary or add anything to a contract, still it is equally true that where a contract has been but partially submitted to writing, the part which rested in parol being consistent with and not contradictory of the writing, may be shown in evidence. *Lash v. Parlin*, 78 Mo. 391; *Norton v. Bohart*, 105 Mo. 615; *Moss v. Green*, 41 Mo. 389; *Rollins v. Claybrook*, 22 Mo. 405; *Kingsland v. Iron Co.*, 29 Mo. App. 526. (2) The telegram from Miller itself implied that all matter except salary had been agreed upon, and asks for information upon that point alone. The letters following cover that only. The remainder of the

contract was contained in the previous parol conversation. *Lumber Co. v. Lumber Co.*, 39 Mo. App. 214; *Life Ass'n. v. Cravens*, 60 Mo. 388. (3) Appellant cannot take any advantage of the statute of frauds in this court that is a defense which may be waived, and was waived, in the court below, since it was neither expressly pleaded nor insisted upon at any step in the progress of the trial. *Taylor v. Penquite*, 35 Mo. App. 389; *Scharff v. Klein*, 29 Mo. App. 549; *Building Ass'n. v. Kleinhoffer*, 40 Mo. App. 388; *Hockworth v. Zetinger*, 48 Mo. App. 32; *O'Neil v. Frame*, 67 Mo. 250. (4) This court will not undertake to decide whether or not the jury erred in this finding. *Caruth v. Richeson*, 96 Mo. 186; *St. Louis v. Ratz*, 97 Mo. 174.

ELLISON, J.—This case is based on a written contract of employment of plaintiff as cashier of a bank for one year, plaintiff being discharged before the expiration of the year. The contract was declared to be evidenced by two letters. The trial below resulted in defendant's favor.

Defendant's answer though containing a general denial may be said to practically admit that a valid contract was made between the parties, but pleaded that all of the contract was not contained in the writings and that such fact was apparent from the face of them, and from this defended the case on the ground (principally) that the oral part of the contract provided that plaintiff was to give bond for the faithful performance of his duties as cashier. That he failed to give such bond and was, in consequence, discharged before the expiration of the period for which the employment was to continue. Plaintiff complains of the action of the court in admitting parol testimony. There was no error in this, since it is quite apparent from the writings that they are incomplete and do not express

the entire contract. A bare reading of them makes this clear. In such case it is a well-settled rule in all the appellate courts of this state that parol evidence may be heard showing the remainder of the contract if it be not inconsistent with, or contradictory of, the writing.

We have gone over the points of objection, as well as the argument, made in behalf of the plaintiff, and have arrived at the conclusion that, taking the case as it was placed before the trial court and tried by the parties, and judging of it from that standpoint, there was no error committed materially affecting the merits of the case, and the judgment should be affirmed.

We will add, however, that a reversal of the judgment and remanding the cause for a new trial could scarcely be of benefit to plaintiff, since in our opinion he has no contract upon which he can stand if it should be attacked by the defendant. The contract was entered into on June 27, 1889, and was, as stated by plaintiff, for the employment of him by defendant for one year from the first of July, 1889. It was a contract therefore not to be wholly performed within one year from the time of *making* it, and therefore must be in writing under the terms of the statute of frauds. *Sharp v. Rhiel*, 55 Mo. 97. It must *all* be in writing. Such contracts cannot be eked out by parol evidence. *Smith v. Schell*, 82 Mo. 215; *Rucker v. Harrington* (decided by us at this term.) In the latter case we had occasion to go over this matter and concluded that in that class of contracts affected by the statute of frauds the written contract must contain all of the essential terms of the agreement. Since then the unreported case of Ringer *v.* Holtzclaw has been promulgated by the supreme court in which the same view is maintained. These cases show that the case of *O'Neil v.*

*Frame*, 67 Mo. 250, and others of like character, ought not longer to have any bearing on that class of contracts controlled by the statute of frauds. So, therefore, it being now the established rule that if the written contract does not contain all of the terms of the contract as in fact made, it will be deemed invalid, it follows that plaintiff's case has no standing. For, as before stated, it is apparent from the writings, which he himself declares upon, that they do not contain a statement of all the terms of the contract. The letters do not say when the service is to begin, on the contrary leave it undertermined: Defendant's letter refers to a telegram from plaintiff and this telegram simply reads: "Wire your best offer for first year at once, to commence say first of August." It is only by inference that it can be gleaned from the letters what the nature of the employment was to be. In short the whole face of the writings not only fails to show a complete contract but do show, with all reasonable conclusiveness, that the entire contract is not embodied therein.

The judgment of the circuit court will be affirmed. All concur.