JULIUS WEIL, Appellant, v. W. G. WILLARD, Respondent.

St. Louis Court of Appeals, December 5, 1893.

Statute of Frauds: MEMORANDUM OF SALE OF LAND: SUPPLYING DEFICIENCY BY PAROL EVIDENCE. The memorandum of a contract for the sale of land is insufficient under the statute of frauds, if the land cannot be identified from its terms, aided by its references to external standards of description. To have the effect of identification, the external standard thus referred to must have been known or existing at, or before, the making of the contract; a provision merely for future occupancy will not suffice. Nor can the failure of the memorandum to thus definitely locate the land be obviated by parol evidence.

*Appeal from the St. Louis City Circuit Court.*—HON. J. A. HARRISON, Special Judge.

AFFIRMED.

*Sale & Sale* for appellant.

*R. B. Meriwether* for respondent.

BOND, J.—This action is for a breach of the following contract executed between the parties hereto, to-wit:

Weil v. Willard.

"ST. LOUIS, May 18, 1892.

"Received of W. G. Willard the sum of $50 in part payment for a certain parcel of improved property lying in city block number 258, and having a front of twenty-nine feet on the east side of Tenth street by a depth of one hundred and thirty-two feet, six inches, which property is this day sold to him for the total sum of $4,700, payable on terms of $1,000 in cash, and the remainder in one year, with interest at five per cent. per annum, payable annually, said deferred payments to be secured by deed of trust. It is agreed by and between the undersigned that the title to said property is perfect and will be conveyed free from liens and incumbrances, except as to taxes for the year 1892, which the undersigned purchaser agrees to pay. If, upon examination, the title proves to be defective and can not be made good within a reasonable time, the sale shall be off and the earnest money returned.

"Agreed that Julius Weil have privilege to occupy said premises for the period of four months or less, at $30 per month rent, up to the time used.

"The said W. G. Willard is accorded twenty-five days time from this date in which to have the title investigated.

"Signed and sealed in duplicate by the parties hereto.  WM. G. WILLARD. [SEAL]
                 "JULIUS WEIL.      [SEAL]" .

The appellant alleges tender of performance of said contract on his part, and refusal by the respondent to accept such performance, whereupon the appellant asked for damages in the sum of $750.

The answer of respondent was, *first*, a general denial; *secondly*, a plea of the statute of frauds.

The case was tried without a jury. The court gave judgment sustaining the defense of the statute, from which an appeal was taken. The only error assigned

is the action of the court in holding the contract sued on insufficient under the statute of frauds.

The statute in question invalidates all sales of land, "unless the agreement * * * or some memorandum or note thereof shall be in writing and signed by the party to be charged therewith." Revised Statutes, 1889, sec. 5186. The rule of construction of this language is expressed by the supreme court in the following terms.

"All the authorities are agreed that the memorandum must state the contract with reasonable certainty, so that its essential terms can be ascertained from the writing itself without a resort to parol evidence." *Ringer v. Holtzclaw*, 112 Mo. 522.

Accordingly, the law is that contracts required by the statute to be in writing, unlike other written contracts, can not, when *incomplete on their face*, be aided or completed by parol evidence. The reason of the distinction is that contracts not required to be in writing would be good, if resting altogether in parol. Therefore, when it is apparent that a *part only* of such contracts have been reduced to writing, no rule of law is contravened by the reception of parol evidence of the remainder. On the other hand, if the contract is one within the statute of frauds, and the agreement or memorandum is incomplete or deficient as to any essential part thereof, parol evidence can not be received to supply the omission, for this would nullify the terms of the statute. *Ringer v. Holtzclaw*, 112 Mo. 523; *Miller v. Goodrich Bros. Banking Co.*, 53 Mo. App. 430; *Rucker v. Harrington*, 52 Mo. App. 481.

The only question made in this case is as to the sufficiency of the description of the property contained in the contract. The descriptive words are as follows: "A certain parcel of improved property lying in city block, number 258, and having a front of twenty-nine

feet on the east side of Tenth street by a depth of
one hundred and thirty-two feet and six inches." This
description gives the frontage, depth, the side of the
street and the city block of an improved lot. It does
not give the width of the entire lot, nor its location in
the block, nor its boundaries, nor its point of begin-
ning, nor the city or state wherein it is situated, unless
these may be inferred from the dating at the head of
the contract, to-wit, St. Louis, May 18, 1892.

A valid contract for the sale of land must so
describe it that it may be identified, or must refer to
some "external standard" of description, whereby it
can be identified by extrinsic evidence. *Fox v. Court-
ney*, 111 Mo. 150; *Smith v. Shell*, 82 Mo. 215; *Shroeder
v. Taaffe*, 11 Mo. App. 267, affirming *King v. Wood*,
7 Mo. 389; *Briggs v. Munchon*, 56 Mo. 474; *Springer
v. Kleinsorge*, 83 Mo. 152.

We do not understand appellant to claim that the
description, *supra*, of the land sold *by its terms* identi-
fies the land. But the contention is that in another
clause of the contract there is a reference to an exter-
nal matter, sufficient to describe and identify the land.
This clause is, to-wit: "Agreed that said Julius Weil
have privilege to occupy said premises for the period of
four months or less, at $30 per month rent, up to time
used."

This clause does not in terms refer to an occu-
pancy of the lot in question as a residence by Julius
Weil before the making of the contract *supra*. Nor
does it state whether he is in the future to occupy it as
a residence or a place of business. It merely says, in
substance, that he is to pay $30 per month for the
occupancy thereafter of the lot sold to the respondent.
This adds no new feature to the previous description of
the lot set forth in the contract. A reference in the
contract to its future occupancy cannot afford an

external standard whereby to identify the boundaries
or location of the lot of ground *at the time* of the mak-
ing of the contract. In order to have the effect of
identifying the land sold, the external matters referred
to for that purpose must be in themselves sufficiently
definite, and must have been known and existing at
and before the making of the contract. The clause
under consideration is incomplete and deficient in not
stating in effect that the lot sold was the one whereon
Julius Weil *then* resided, or used in carrying on a *par-*
*ticular* and known business at *the time* of its sale. The
omission of these or other equivalent statements was
the omission of essential matter of description by
external reference, and cannot be cured by parol evi-
dence. We have seen that contracts required by the
statute of fraud to be in writing cannot be pieced out
by parol as to essential statements omitted therefrom.
See cases cited *supra*. As is said by the supreme
court: "The description cannot be supplied altogether
by parol. The writing must be a guide to find the
land—must contain sufficient particulars to point out
and distinguish the tract from any other." *Fox v.*
*Courtney, supra.*

The decided bent of judicial opinion in this state
is to uphold the statute of frauds. This purpose has
been subserved by the recent overruling of two cases
of a contrary tendency. *Ringer v. Holtzclaw*, 112 Mo.
523; *Withnell v. Petzold*, 104 Mo. 409.

We do not think there is either such a direct
description of the lot sold in the contract, or such a
reference therein to external matters, as would "point
out and distinguish the tract from any other." We,
therefore, affirm the judgment of the trial court. All
concur.