ROBERT CARRICK, Appellant, v. CHRISTIANA MINCKE, Respondent.

St. Louis Court of Appeals, January 2, 1895.

**Statute of Frauds:** NAME OF VENDEE IN MEMORANDUM OF SALE: COMPETENCY OF ORAL EVIDENCE. The memorandum of a sale of real estate must designate the vendee in order to comply with the statute of frauds; a reference to him in the second person, that is, as "you," when the memorandum is not addressed to anyone, will not suffice. Nor is oral evidence competent to complete the identification in such a case.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Chas. L. Hamm* for appellant.

Carrick v. Mincke.

*Joseph T. Tatum* for respondent.

BIGGS, J.—The plaintiff alleged in his statement, filed before the justice of the peace, that the defendant made a contract with him for the sale of a house and lot. A breach of the contract was averred, and the damages laid at $300. The plaintiff recovered before the justice, and the defendant appealed. The bill of exception shows that at the beginning of the trial in the circuit court the defendant, in addition to a general denial, interposed the statute of frauds as a defense to the action. Under the rulings of the circuit court the plaintiff was compelled to submit to a nonsuit. The court having refused to set the nonsuit aside, the plaintiff has appealed the case to this court.

The following memorandum is the basis of the action:

"ST. LOUIS, February 24, 1894.

"I hereby offer you my house, 1709 Chouteau avenue, St. Louis, for the sum of $5,500, the offer binding for two weeks from date hereof, and bind myself to give you a good and true warranty deed to same on payment of above amount.

"[Signed.]                              C. MINCKE.

"Witness, H. E. Fuhlhage."

The plaintiff offered to establish by oral evidence that he was the intended vendee, and that the personal pronoun "you" in the contract referred to him. The court excluded the testimony. The correctness of that ruling is the only matter for decision.

The essentials or requisites of a contract for the sale of land are that the land shall be sufficiently described to identify it, and that the vendor and the vendee shall be named, or in some way designated in the contract. Mr. Browne, in his work on the statute of frauds, says: "It is necessary that the memorandum

show who are the parties to the contract by some reference sufficient to identify them." Browne on Statute of Frauds, section 372. This rule is announced and followed by the Kansas City court of appeals in the case of *Rucker v. Harrington*, 52 Mo. App. 481.

The following extract from the opinion in the case of *Weil v. Willard*, 55 Mo. App. 376, decided by this court, is applicable, and decisive of the question under consideration: "Contracts not required to be in writing would be good, if resting altogether in parol." Therefore, when it is apparent that a *part only* of such contracts has been reduced to writing, no rule of law is contravened by the reception of parol evidence of the remainder. On the other hand, if the contract is one within the statute of frauds, and the agreement or memorandum is *incomplete or deficient as to any essential part thereof*, parol evidence can not be received to supply the omission, for this would nullify the terms of the statute." We are satisfied with this statement of the law, and it is believed to be supported by all well considered cases. The distinction made, as to the different kinds of contracts, was not clearly noted or observed in the cases of *O'Neil v. Crain*, 67 Mo. 250, and *Lash v. Parlin*, 78 Mo. 391, but it is expressly recognized and pointed out by Judge GANTT in his opinion in the recent case of *Ringer v. Holtzclaw*, 112 Mo. 519.

Our conclusion is that the judgment of the circuit court must be affirmed. Judge BOND concurs. Judge ROMBAUER concurs in result.