Burns v. Freling.

---

JAMES BURNS, Respondent, v. NICHOLAS M. FRELING, Appellant.

Kansas City Court of Appeals, February 2, 1903.

1. Contract: REAL ESTATE SALE: BREACH OF: PERFORMANCE: ACTION. Plaintiff wrote defendant offering to take his property at a given sum in cash and assume an incumbrance, which offer was duly accepted by defendant. *Held*, before bringing an action for a breach plaintiff should have offered to assume said incumbrance, and his tendering a deed to a third party subject to the incumbrance was not performance.

2. ———: ———: ———: ———: ———. Defendant had a right to have plaintiff's personal assumption of the incumbrance, and the latter could not substitute the assumption of a stranger.

3. ———: ———: PLEADING: EXCUSE FOR NON-PERFORMANCE. Defendant, as the evidence tends to show, refused to com-

plete the transaction on two grounds, one about taxes and the other because of the introduction of a third party. His pleading stated his inability to make a deed since the title was in his wife and he could not obtain it. Plaintiff's petition averred his offer to assume the incumbrance. *Held*, that defendant's general denial put plaintiff on the proof of his case which he failed to make on the evidence, and the special plea of the answer did not waive such proof.

4. ———: ———: PERFORMANCE: OFFER OF DEED: WAIVER. Although a deed offered in performance of a real estate sale does not comply with the contract, yet if the vendor refuses to sign for specific causes without mentioning other remediable causes which he might rightfully urge, he waives such other causes unless the circumstances show to the contrary; but this rule can not apply where the offer is a foreign proposition *in toto*.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale*, Judge.

REVERSED.

*Warner, Dean, McLeod & Holden* for appellant.

(1) Plaintiff was required to assume as a part of the purchase price the $1,600 mortgage mentioned in the contract. This was a material and essential element in the contract. The plaintiff is solvent and his solvency the defendant is entitled to the benefit of, by the assumption of this mortgage. The facts show that instead of plaintiff Burns offering to accept a deed direct to himself, containing an assumption of this deed of trust, he tendered a warranty deed to defendant Freling, running to Barbara Fitzpatrick, and by this deed even she does not assume the mortgage. She attempted to receive the property merely subject to it. The plaintiff, therefore, has never complied or offered to comply with the contract on his part, and therefore can not recover. Doyle v. Turpin, 57 Mo. App. 87; Halpin v. Manny, 33 Mo. App. 392; Eyerman v. Cemetery Ass'n, 61 Mo. 490; Lumber Co. v. Snyder, 65 Mo. App. 575; Way v. Miller, 80 Mo. App. 384; Black v. Crowther, 74 Mo. App. 480; Irvin v. Gregory, 13 Gray 218; Olmstead v.

Smith, 87 Mo. 606.    (2) And under the contract, plaintiff Burns could not force upon the defendant different terms for the sale of the land than provided by the contract.   He can not, under the contract, show performance of his obligation to assume the mortgage by directing the making of the deed to Barbara Fitzpatrick and to her subject only to the mortgage.   This is the "willingness to perform" shown in the evidence of the plaintiff himself and clearly does not comply with the terms of the contract.   McLeod v. Snyder, 110 Mo. 289; Davis v. Watson, 89 Mo. App. 32.    (3) Under the authorities, the defendant was not even bound to base his refusal to execute the deed upon the ground now urged.   He testified at the trial that this was one of the grounds of his refusal, but the law is that whatever the ground of his refusal may have been, that does not do away with the necessity on the part of the plaintiff of showing a performance or offer to perform the undertaking on his part.   Hayden v. Grillo, 26 Mo. App. 295.

*Johnson & Lucas* for respondent.

(1)   The asking that the deed be made to Barbara Fitzpatrick does not affect respondent's right to recover.   Because it was not demanded, but a mere request was made of the agent to that effect at first.   Afterwards, when the tender of the balance of the purchase money was made, it was not even requested.   It made no difference, anyway, as appellant did not have and never had the title, and it was useless to ask him to make a deed to anyone on any condition; and by his answer he admits that he could not have made a deed to anyone.

ELLISON, J.—This is an action for damages on account of an alleged breach of written contract for the sale of real estate.   Plaintiff recovered judgment in the trial court.

It appears that the land was owned by defendant's wife and that plaintiff addressed a written communication to her agents proposing "to purchase the following property, lot 13, block A, in Pratt's addition to the city of Kansas at and for the sum and price of $3,000, payable as follows: I agree to assume an incumbrance now on the property of $1,600 and pay $1,400 cash at the delivery of a good and sufficient deed of general warranty to the property." There were other stipulations not necessary to notice. The paper was signed by plaintiff and defendant wrote the words "accepted July 27, 1898," and signed his name.

Defendant insists that the action must fail by reason of the statute of frauds. His position is that the property is not identified in the paper, in that it fails to name a county and state in which it is located. He claims that it is necessary that the description of the property should appear in the paper with such clearness that it can be identified. And that this essential can not be supplied by parol testimony, citing the cases of Ringer v. Holtzclaw, 112 Mo. 519; Rucker v. Harrington, 52 Mo. App. 481; Carrick v. Mincke, 60 Mo. App. 140; Weil v. Willard, 55 Mo. App. 376; Miller v. Goodrich, 53 Mo. App. 433; Fox v. Courtney, 111 Mo. 150; Boyd v. Paul, 125 Mo. 9; Kelly v. Thuey, 143 Mo. 422.

Since another point made by defendant is deemed by us to be clearly fatal to plaintiff's case we need not pass upon the one just stated. That point is this: by the nature of the action it was necessary for plaintiff to have been ready and willing and he should have offered to perform his part of the terms of the contract. He should have offered to assume the payment of the $1,600 incumbrance. It is conceded that the mode of assuming was to be by a clause in the deed to be executed for the property by defendant's wife. His readiness and willingness and offer to perform was, at least, a contemporaneous act with a performance by defendant of the obligations on his part. Plaintiff not only did not offer

to perform, but he took such affirmative action as released defendant from any further obligation. He himself had the deed written out which was to convey the property, and instead of being a deed to him wherein *he* assumed the payment of the incumbrance, it was a deed to his sister-in-law, Barbara Fitzpatrick, in which there was no clause assuming the incumbrance by any one, but merely a recital that the deed "is made subject to a certain deed of trust." This was not a mere matter of mistake, misunderstanding, or inadvertence, but it was the deliberate act of the plaintiff, in effect throwing up the contract he had made by substituting some other performance. And more than that, there was no attempt or offer made to retract, or recede from such position.

Defendant had a right to have this plaintiff assume the obligation. It was an obligation personal which was not performed by substituting some one else; so that even if there had been a clause whereby Mrs. Fitzpatrick assumed the incumbrance, it would not have filled the contract. When defendant accepted plaintiff's agreement that he, plaintiff, would assume the incumbrance, it is to be presumed that he relied upon plaintiff's willingness to perform his contracts and such condition of solvency that he could be made to perform them. It would be altogether without reason to say that he had a *right* to substitute a stranger.

But it is said that defendant did not refuse to execute the deed on the ground just considered. The evidence tends to show that he refused on two grounds: one was a question about taxes, and the other that the deed was to be between "me and Mr. Burns; the other party I knew nothing about."

There is an apparent difficulty in disposing of the case as above, from a consideration of defendant's answer wherein he states, among other things, after a general denial, his inability to make a deed for the reason that the title was in his wife and that he could not ob-

tain it.   But we conclude that this does not relieve the plaintiff of the case he has made for himself.   The general denial put him to the proof of his case and the record discloses that he assumed it, though he failed. He specifically states in his petition, as a condition to his right of recovery, that he had offered to perform the agreement "upon his part in all respects" and that "he offered to assume said incumbrance."   In other words, he stated the necessary facts giving him a right of action, but the uncontradicted evidence is that he did not offer to assume the incumbrance, or to accept a deed to himself.   There is no evidence that he was informed by defendant that no deed would be made in any event. Defendant's answer is a matter transpiring long after plaintiff claims to have laid the foundation of his case by his offer of performance.   It is clear that plaintiff has been allowed to recover a judgment in the face of his petition and in direct contradiction thereof.   Manifestly, the judgment should not be allowed to stand.

Where a party prepares a deed for another to sign in pursuance of a contract to that effect, and the deed is not such as the contract called for, yet if the vendor refuses to sign for specific causes, and omits to mention other causes which he rightfully might have urged; and which, if urged, the other party would have acted upon and remedied, he will be considered as waiving such other causes, unless the circumstances show it was not so understood.   If one in attempting to comply with the contract intended his omission of some essential matter as an ultimatum, then the matter of waiver has no application, for waiver, in this respect, is founded on estoppel *in pais*.   It presupposes that if the matter had been mentioned as an objection it would have been obviated by the other party.

But in point of fact, the suggestion just made has no application to the facts of this case.   In this case there was not only no offer made to comply with the contract, but no attempt was made in that direction.   On

the contrary, plaintiff came to defendant *with a foreign proposition in toto*. He came to him with a proposition to make a sale to a stranger on terms radically unlike the contract, and yet brings an action on the contract alleging an offer of full performance.

The judgment is reversed. All concur.