A.  A.  PARSONS  et  al.,  Plaintiffs  in  Error,  v.
CHARLES  L.  KELSO, Defendant in Error.

**Springfield Court of Appeals, February 7, 1910.**

1. CONTRACTS: Sale of Real Estate: Agreement to Furnish
Good Title.  Where the sellers of a tract of land agree in
writing to furnish a good title up to date, and the contract
is silent as to the assumption on the part of the purchaser
of an incumbrance on the land evidenced by a deed of trust;
the contract is not complied with on the part of the sellers
when the title shows the deed of trust unsatisfied.

2. ———: ———: Statute of Frauds: Contradicting Written
Contract.  Contracts for the sale of land are required by the
statutes to be in writing, and under the statute it has been
uniformly held that a contract of this character, to be en-
forced, must be complete in itself and state its terms with
such certainty that the substance of the contract will appear
from the writing, without recourse to parol evidence; and
when such a contract is executed, parol evidence is inadmis-
sible to vary or contradict its terms.

3. ———: ———: ———: ———: Agreement to Assume
Incumbrance.  The owners of land agreed in writing to con-
vey and furnish good title.  The contract was complete in
itself.  A title was proffered to the purchaser which was sub-
ject to an incumbrance of $3,000.  The owners claimed that
the purchaser agreed to assume this incumbrance, but the
written contract was silent as to this agreement.  *Held*, on
a trial of this issue, that parol evidence could not be in-
troduced to prove that the purchaser agreed to assume the
incumbrance, first, because its effect would be to contradict
the terms of the written contract and, second, being an agree-
ment to answer for the debt of another, it would not be valid
unless in writing.

4. ———: ———: Rescission of Contract.  A court of equity
will, in a proper case, declare a rescission of a contract for a
violation of the covenants therein contained, because it would
be against conscience to permit one party to violate the con-
tract on his part, and still hold the other party to a compli-
ance with it.  So where the owners of land contract for its
sale, and are unable to comply with the agreement to furnish
good title, the purchaser is entitled to have the contract re-
scinded, and to also have a judgment for the money which
had been advanced as part payment for the land.

141 App.—24

Writ of Error from Pulaski Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*C. H. Shubert* for plaintiffs in error.

(1)    Under. the law and the evidence the finding of the court should have been for the plaintiffs, on the question of rescission of the contract.    24 Am. and Eng. Ency. Law (2 Ed.), 647, 611, 631; 29 Am. and Eng. Ency. Law (2 Ed.), 660.    (2) If the contract can be said to be ambiguous as to this $3,000 on time, then the construction given the contract by Kelso himself must bind him and preclude him from denying that the Bucknell deed of trust represented the $3,000 remainder of the purchase price.    7 Current Law, 800; S. J. Oil Co. v. L. & P. Co., 93 S. W. 173; Greason v. Railroad, 112 Mo. App. 116; Inlow v. Bybee, 122 Mo. App. 475; Comstock v. Flower, 109 Mo. App. 275; Knoepker v. Redel, 116 Mo. App. 62; Wall v. Cas. Co., 111 Mo. App. 504.

*Charles Davis* and *James T. Moore* for defendant in error.

(1)    It is sought by the plaintiffs in error to change in essential particulars the terms of the written contract, which the defendant in error executed, by inserting a contemporaneous oral agreement. This they cannot do.    The whole agreement of the parties was merged in contemplation of law in the writing and could not be varied by an oral agreement.    Text Book Co. v. Lewis, 130 Mo. App. 158; Leicher v. Keeney, 98 Mo. App. 394; Wood v. Murphy, 47 Mo. App. 539; Loan & Trust Co. v. Workman, 71 Mo. App. 278.    (2) In this case, a court of chancery has obtained jurisdiction, and such a court will retain such jurisdiction for all purposes, and in order to do complete justice between the parties litigant.    Hagan v. Bank, 182 Mo. 319;

McGregor v. Pollard, 66 Mo. App. 324; McCollum v. Boughton, 132 Mo. 601; Jordan v. Harrison, 46 Mo. App. 172.

STATEMENT.—On January 27, 1908, plaintiffs in error and defendant entered into a written contract about which there is some dispute, but accepting plaintiffs in error's position in relation to it, it reads as follows:

"This contract, made and entered into, this 27th day of January, 1908, by and between the Southern Land and Realty Company, parties of the first part, and Charles L. Kelso, party of the second part.

"Witnesseth, that the said parties of the first part sell to the second party 200 acres of land known as the Rice farm, situated near Bercan church, about two and one-half miles from Laquey, Missouri, for the sum of $4,000 as follows: $700.00 in cash, and one team of black mares, $300.00,—total paid $1,000.00, receipt of which we acknowledge. The balance, $3,000.00 to be paid on or before eight years from September 15th, 1907, interest eight per cent per annum, interest to be paid annually. Parties of the first part agree to furnish good title up to date, and in case we do not furnish good title, then the said parties of the first part agree to turn back to the said second party, the team and $700.00 paid.

"(Signed)

"SOUTHERN LAND AND REALTY COMPANY,
"CHARLES L. KELSO."

The plaintiffs in this case were the Southern Land and Realty Company. The $700 was deposited in the bank, and some days after this contract was executed, the defendant Kelso demanded a return of the money and rescinded the contract. Plaintiffs then brought a replevin suit against Kelso for the possession of the team before a justice of the peace, which was afterward appealed to the circuit court, and at the Septem-

ber term, 1908, of said court, Kelso filed two suits against the plaintiffs—one alleging fraud and misrepresentation and asking for a rescission of the contract, and another suit in which he alleged failure of plaintiffs to comply with their contract, and asking for judgment for the $700 paid. These three actions were consolidated and tried as one case before the court without a jury. The court found for defendant Kelso, permitted him to retain possession of the team, entered judgment in his favor for the $700 paid on the purchase price and cancelled the contract. At the time of the execution of this contract there was an encumbrance of $3,000 upon the land, and it also developed that there was a school house located on the land and one acre of ground had been deeded to the school district. It also developed that a valuable spring was located on this land, and that an easement had been granted permitting the children of the school the right to pass over this land and to use water out of the spring. There was evidence tending to show Kelso knew the schoolhouse was on the land when he purchased it, and that he knew the deed of trust was on the land, but there seems to be no evidence that he knew that the right to use the spring had been conveyed.

COX, J.—The real contention in this case is as to whether or not Kelso agreed to assume the deed of trust that was on the land at the time of the execution of the contract, and whether the plaintiffs were able to comply with their part of the agreement to furnish a good title up to date. As to the agreement of Kelso to assume the mortgage there was some conflict in the oral testimony in relation to that, but, in the view we take of the situation, no oral testimony in relation to that question should have been received. In the first place, such testimony was a contradiction of the written contract between the parties. The contract itself provides that the balance,—$3,000 is to be paid on or before

eight years from September 15, 1907, interest eight per cent per annum, to be paid annually, and not a word is said about the assumption of an encumbrance by Kelso. The contract is not ambiguous, and is capable of being enforced as it reads without the aid of extrinsic testimony. Contracts for the sale of land are required by the statutes to be in writing, and, under this statute, it has been uniformly held that a contract of this character, to be enforced, must be complete in itself and state its terms with such certainty that the substance of the contract will appear from the writing itself, without recourse to parol evidence, and when such a contract is executed, parol evidence is inadmissible to vary or contradict its terms. [Smith et al. v. Schell, 82 Mo. 215; Fox v. Courtney, 111 Mo. 147, 20 S. W. 20; Ringer v. Holtzclaw, 112 Mo. 519, 20 S. W. 800; Weil v. Willard, 55 Mo. App. 376.]

The contract in this case met the requirements of the statute, and is brought squarely within the rule above stated.

There is another reason why a parol agreement between these parties, by which Kelso was to assume and pay this deed of trust, cannot be considered in this case, and that is, if such an agreement were made, it was an agreement on the part of Kelso to answer for the debt of another, and that is itself within the Statute of Frauds and is not valid unless in writing. Hence, any oral agreement made in that respect is nugatory in this case.

The plaintiffs in this case have covenanted by their contract to furnish a good title up to date. They were bound to do so, and if we waive all questions relating to the transfer of one acre to the school district with an easement to the spring, yet this encumbrance of $3,000 was a material defect in the title and Kelso was not bound to accept the title in that condition. [Ives v. Crawford County Farmer's Bank, decided at this term.]

The only remaining question is as to the right of Kelso to rescind the contract under the circumstances mentioned in this case. The principle involved in this case has been often decided in his favor, the courts uniformly holding that a court of equity will, in a proper case, declare a rescission of a contract for a violation of the covenants therein contained, because it would be against conscience to permit one party to violate the contract on his part, and still hold the other party to a compliance with it. [Lincoln Trust Co. v. Nathan, 175 Mo. l. c. 44, 74 S. W. 1007.]

Since Parsons and Akers were not in a position to enforce specific performance, and could not furnish the title they had agreed to furnish, the court below followed the proper course in rescinding the contract and requiring Kelso to be placed *in statu quo,* by giving judgment in his favor for the money which he had paid. The judgment will be affirmed. *Gray, J.,* concurs; *Nixon, P. J.,* having been of counsel, not sitting.